### WILLIAM H. CORBIT v. CHARLES R. CORBIT.

1. In a proceeding in attachment against one of several joint debtors, the non-residence of the other joint debtors must affirmatively appear in the affidavit procuring the writ.
2. If the affidavit be insufficient it is not the subject of amendment by supplemental proof.

In attachment. On rule to show cause.

Argued at November Term, 1887, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the rule, *Riker & Riker*.

*Contra, Chas. D. Thompson.*

The opinion of the court was delivered by

KNAPP, J.    Attachment was issued out of this court upon the following affidavit of the plaintiff:

" State of New Jersey, county of Hudson, *ss.*—William H. Corbit, being duly sworn according to law, upon his oath says that Charles P. Corbit is not, to his knowledge or belief, resident at this time in this state, and that he owes to this deponent the sum of nine thousand eight hundred and seventy-five dollars and fifty-two cents, as he, this deponent, verily believes, upon a judgment obtained by this deponent in the Supreme Court of the State of New York against said Charles P. Corbit and other partners, &c., which said judgment bears date July fifth, eighteen hundred and eighty-two.
                            " WM. H. CORBIT."

The motion is to quash the writ of attachment for the reason that jurisdiction is not shown to grant it.

The writ of attachment is an extraordinary process and jurisdiction to issue it must be shown by the party suing out such writ.    *Jeffery* v. *Wooley,* 5 *Halst.* 123 ; *Bright* v. *Hand,* 1 *Harr.* 273.

The affidavit filed shows with sufficient certainty the non-residence of the defendant, but it also discloses that the creditor's claim is not against the defendant alone, but against him with others unnamed as partners, and the residence of such partners at the time, whether within or without the state, is not disclosed.    That no attachment can issue under our law against a non-resident partner, the other partner being a resident, is fully established by our adjudications.

Corbit v. Corbit.

In *Curtis* v. *Hollingshead*, 2 *Green* 402, the subject is fully discussed by Chief Justice Hornblower, and the reasons given for such a construction of our act. The correctness of this determination has not since been questioned. To the same effect is *Barber* v. *Robeson*, 3 *Green* 17.

That a proceeding against one of several joint debtors to sequester his interest and property in this state, when the other joint debtors are non-residents, is permissible under our Attachment act, has recognition in the case of *Curtis* v. *Hollingshead, supra,* and was expressly decided in *Thayer et al.* v. *Treat,* 10 *Vroom* 150.

The question of practice in this case which seems not to have been expressly adjudicated, is whether in a proceeding against one of several joint debtors, the non-residence of the other joint debtors should affirmatively appear in the affidavit procuring the writ. But we cannot think that this question admits of doubt in its solution. If the principle above stated be correct, that the plaintiff purchasing the writ must show his right to it, the disclosure of the non-residence of all the joint contractors would seem indispensable.

The writ will issue against one when he, with the other debtors, are non-residents; it will not issue where he or either of the other joint contractors is resident in the state. The fact of residence of all, then, determines whether or not the party suing out the writ is entitled to it—whether or not the clerk has the right to seal the writ.

The jurisdiction by attachment is not general but a limited one, hence, on principle, jurisdiction should be shown and will not be presumed. The court will not infer, where it appears in the affidavit that the defendant is but one of several joint debtors, that the other is a non-resident. There is no ground for such a presumption. To borrow the language of the chief justice, in Jeffery *v.* Wooley : "As the writ may be used in some cases only, the affidavit which is most strictly required to be filed before the writ is issued, and as the authority of the clerk to seal it, should show that it is sued out in one of them." In short, as the validity of the

writ in this class of cases depends as much upon the non-residence of the contracting parties not sued as upon that of the defendant who is proceeded against, the non-residence of one is as much a jurisdictional fact as that of the other and ought to appear in the affidavit, which is the foundation of the writ. In the case of Curtis *v.* Hollingshead this rule must have been acted upon by the court, for it does not appear in the report of the cases that the fact of residence of the co-contractors was otherwise before the court than as an inference arising from the silence of the affidavit on that subject.

In *Day* v. *Bennett,* 3 *Harr.* 287, holding it unnecessary to set out in the affidavit the plaintiff's cause of action, it is said : " The words of the statute require the applicant for the writ, to make oath or affirmation to no other facts than that the defendant is not to his [applicant's] knowledge or belief resident, at that time, in this state, and that he owes the plaintiff a certain sum of money, specifying as nearly as he can the amount of debt or balance." It is there said that the statement of these two facts establishes, *prima facie,* a right to the writ, and that matters in defeat of it, outside of that, could and should be disclosed to the court by proof. All that was said is true of that class of cases ; but in this case the affidavit does not stop with these statements, but on truly stating the facts, as it should do, discloses that the defendant's liability is joint with that of others. When he does that, he, by his own affidavit, discovers a doubt as to his right to the writ. The averments in the affidavit may be accepted as true, and yet a presumptive right to an attachment is not exhibited. If the other co-contractors are residents of this state, he has not the right. If they are non-residents he has the right.

The clerk must on receiving such an affidavit determine in some way whether the writ is a proper one or whether it is not. He can only do so upon inference. There certainly is no better ground presented to him for determining in favor of the writ than against it.

The plaintiff by his own affirmation creates the necessity

of the additional statement to entitle him to his writ. If the affidavit be insufficient it is not the subject of amendment by supplemental proof.

Under these views it follows that the attachment and subsequent proceedings under it must be set aside.