66  103
69  373

THE CAMDEN SAFE DEPOSIT AND TRUST COMPANY v.
WILLIAM BARBOUR.

Argued November 7, 1900—Decided February 25, 1901.

1. Where a person has several residences which he permanently maintains, occupying one at one period of the year and another at another period, a summons must be served on him at the dwelling-house in which he is living at the time of the service.
2. It does not affect the legality of the service that he is temporarily away from such dwelling while his family remains in it.

---

On motion to set aside service of summons.

Before Justices VAN SYCKEL and FORT.

For the plaintiff, *McGee & Bedle.*

For the defendant, *Eugene Stevenson.*

The opinion of the court was delivered by

VAN SYCKEL, J. The defendant gave a cottage to his wife, at Monmouth Beach, in Monmouth county, New Jersey, to which he and his family moved from year to year about the 1st of June. The family usually remained there until about

the 1st of October. Barbour, the defendant, in accordance with his custom, went to Europe, leaving his wife and family in the house at Monmouth Beach until his return.

During his absence the summons in this case was served by leaving it at the dwelling-house at Monmouth Beach, as provided by the statute.

Defendant, during the remainder of the year, lives with his family in his house in New York City.

He claims, as the ground for setting aside the writ for defective service, that he always kept a residence at the Country Club, in Bergen county, New Jersey, where he had a room, but passed comparatively little time there.

We think that the defendant's residence for the purpose of receiving service of summons was at the Monmouth Beach house.

It is not the case presented by *Mygatt* v. *Coe,* 34 *Vroom* 510, for there the New Jersey house was closed at the time the summons was attempted to be served, and no one was there legally authorized to accept service on the defendant's behalf.

In that case, Mr. Justice Gummere, in delivering the opinion of the court, remarked "that the statute does not direct service to be made at the residence of the defendant, but at his dwelling-house or usual place of abode, which is a much more restricted term. Many persons have several residences which they permanently maintain, occupying one at one period of the year and another at another period. Where such conditions exist, a summons must be served at the dwelling-house in which the defendant is living at the time when the service is made."

That we regard as the correct rule, and the service was properly made in the case in hand.

Barbour was not at his room at the Country Club, in Bergen; no member of his family was there upon whom service could have been legally made, and an attempt to serve him there would have been ineffective.

The motion to set aside the service of the summons is denied, with costs.