C. B. COLES & SONS COMPANY, RESPONDENT, v. KIRK
    BLYTHE (ON APPLICATION OF EDWIN SMITH, A
    JUDGMENT CREDITOR), PROSECUTOR.

Argued November 5, 1902—Decided February 24, 1903.

When it appears from the evidence that the defendant in a writ of
    attachment against an absent debtor has a dwelling-house and
    usual place of abode within this state where a summons may be
    served, the writ of attachment will be quashed.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *Ulysses G. Styron* and *John J. Cran-dall.*

For the respondent, *William D. Lippincott* and *George H. Peirce.*

The opinion of the court was delivered by

GARRETSON, J.   The respondent, on the 26th day of No-
vember, 1901, obtained a writ of attachment out of the Cir-
cuit Court of Atlantic county, against Kirk Blythe, upon an
affidavit alleging that he was not, at that time, a resident
of this state.   By virtue of this writ the sheriff, on the 29th
day of November, 1901, attached money in the hands of
Nicholas W. Young due to Blythe.   The writ was returnable
on the 18th of December, 1901, and was actually returned
December 16th, 1901.   On the 5th day of March, 1902, judg-
ment upon bond and warrant of attorney was entered in the
Supreme Court by Edwin Smith against Kirk Blythe; an
execution issued on that judgment March 8th, 1902, which
was returned unsatisfied March 17th, 1902.   A petition was
presented to a justice of the Supreme Court, dated April
8th, 1902, and on the 10th day of March, 1902, the justice
made an order requiring Blythe to appear and make dis-

covery concerning his property, and on the 1st day of May, 1902, the justice appointed a receiver of the property of Blythe. On the same day Smith presented an application to the judge of the Circuit Court of the county of Atlantic to quash the writ of attachment issued at the suit of the respondent against Kirk Blythe and dismiss the same. A rule to show cause was granted. Evidence was taken upon this rule, and after consideration the judge denied the application and discharged the rule.

The legality of that judicial action is challenged by this writ.

The court will not reverse the action of the Circuit judge upon a question of fact when there is evidence upon which the finding of the court could be made. *Stout* v. *Leonard,* 8 *Vroom* 492; *McAdam* v. *Block,* 34 *Id.* 508; *Miller* v. *Serviss,* 52 *Atl. Rep.* 374.

When it appeared from the testimony that the debtor had a residence in this state, and also a residence elsewhere, he was liable to be sued by attachment, if, at the time, he did not dwell in this state and did not dwell or have his usual place of abode here. If he could not, when the writ was issued, have been personally served, and his dwelling-house and usual place of abode was not in this state, then attachment would lie. *Stout* v. *Leonard, supra; Mygatt* v. *Coe,* 34 *Vroom* 510; *Perrine* ads. *Evans,* 6 *Id.* 221.

A residence or place of abode in this state of a temporary or permanent character at which a summons might lawfully be served is the condition on which process of attachment cannot be issued. *Baldwin* v. *Flagg,* 14 *Vroom* 495; *Conover* v. *Beckett,* 11 *Stew. Eq.* 384.

It appears that Blythe, in November, 1894, went to live in Atlantic City, and that in 1901 he was living at 208 North Virginia avenue; that he had been a voter in Atlantic City for four years, but did not vote there at the election held in November, 1901; that he lived at this house with his wife and two children, aged, respectively, nine months and three years and four months.

It is admitted that Blythe, with his wife and younger

child, left Atlantic City in the latter part of September or the early part of October, 1901, and went to Camden, the husband having work in.Philadelphia; that they remained in Camden about two weeks, and then went to Philadelphia and boarded there—Blythe until about January, 1902, and Mrs. Blythe leaving there a few weeks before Christmas and returning again to Atlantic City. When they went to Camden they left the older child with Mr. Blythe's parents, and a Mr. and Mrs. Hoffman, the uncle and aunt of Mrs. Blythe, went to live in their house. The house remained open, with the Blythes' furniture there, and Mr. and Mrs. Hoffman living there. The evidence shows that both Mr. and Mrs. Blythe returned to that house at different times during the period they were boarding in Philadelphia, 'and remained over night or longer. The frequency of the stays by Blythe and his wife in this house is disputed.

The respondent claims that the Hoffmans rented the house from Blythe for a definite period, but the only evidence of this is from various witnesses that Mrs. Blythe so stated to them. This, of course, was not legal evidence to prove the fact, and could not bind Mr. Blythe. On the other hand, the Blythes and the Hoffmans both testify that they went to the house to be company for Mrs. Blythe during her husband's absence; that Mr. Blythe continued to pay the rent monthly, as he always had done, although on one or two occasions Mrs. Hoffman carried the money for the rent to the agent, but it was furnished to her by Blythe; that Mrs. Blythe was only visiting her husband when she was away, but that her residence and also his continued at the house in Atlantic City, and the evidence is uncontradicted that, at the time the attachment was issued, Mrs. Blythe was at the house in Atlantic City.

We do not think, therefore, that there was evidence to show that Blythe had obtained any other dwelling-house or usual place of abode than the one in Atlantic City, and that that was his dwelling-house and usual place of abode, and that summons might have been served upon him there.

The rule to show cause should be made absolute, with costs.