FLORENCE MISSELL, BY NEXT FRIEND, v. EDWARD R. HAYES ET AL.

Submitted December 6, 1912—Decided January 30, 1913.

The defendant's "usual place of abode," under our statute, for the purpose of obtaining service of process—*Held* to be his father's home in this state to which he returned, ·at vacation periods, from the seminary in another state where he was pursuing his studies.

On motion to set aside service of summons.

Before Justice MINTURN.

For the plaintiff, *Frederick G. Stickel, Jr.*

For the defendant, *Edmund A. Hayes.*

The opinion of the court was delivered by

MINTURN, J.   The defendant J. Arthur Hayes moves to set aside the service. of a summons which was left at his father's home, in New Brunswick, by the sheriff of Middlesex county, in an endeavor to serve the son by leaving the writ, in compliance with the language of the statute, at the defendant's "usual place of abode."

J. Arthur Hayes is, and for some time past has been, a student· at St. ·Charles College, Maryland, in preparation for the ministry, ·and he insists that this course of preparation has resulted in compelling him to give up his abode ·in this state, except for occasional visits to his family and friends. At the time of the service of the summons he was in New

Brunswick living at his father's home, and the sheriff returned the summons as served "at the residence of J. Arthur Hayes."

He claims that when he leaves the seminary he may be assigned by his superior to any section of the state, and that for all practical purposes his residence at New Brunswick under the parental roof is at an end. His affidavit of non-residence does not disclose his last voting place, and so far as the *animo revertendi* is concerned it is by no means clear that when the vacation periods present themselves, he will not, as heretofore, make the parental home his usual abode.

The language of section 52 of the Practice act (*Comp. Stat., p.* 4067) provides, that in the absence of personal service upon a defendant the summons be served at "his usual place of abode." I take this language to mean his usual place of abode in this state if he have such a place.

It need not be his domicile or at his home in that sense of permanency in which those terms are applied in the divorce acts, the Election law and the tax acts, but may be the place where he abides when in the state.

This construction of the statute is consonant with the reasoning of the authorities wherever the question has been mooted. It is quite apparent that if his effects in New Brunswick were attached under process, he might quite properly claim that since summons could be served upon him in the statutory mode, process by attachment would not lie. *Cadwalader* v. *Howell,* 3 *Harr.* 138; *Brundred* v. *Del Hoyo, Spenc.* 328.

In *Clark* v. *Likens,* 2 *Dutcher* 207, a hotel keeper at Atlantic City, whose permanent residence was in Philadelphia, was held for the purpose of vacating a writ of attachment to have his usual place of abode at Atlantic City, even after his hotel there had been closed for the season.

So in *City Bank* v. *Merritt,* 1 *Gr.* 131, a writ of attachment was vacated where it appeared that the defendant who had his permanent residence in New York City, went for a few weeks in the summer to avoid the heat to a nearby village in this state, where summons could be served upon him.

The test invariably applied in all cases involving the regularity of the service of process of attachment, is whether a summons could be served upon the defendant in the statutory manner; in other words, whether he had an abode in this state, at which some person may reside who is capable under the statute of accepting service of process.

In *Harrison* v. *Farrington,* 8 *Stew. Eq.* 4, the defendant was a resident of New York; when in this state he resided with his mother; service of *subpœna ad respondendum* in chancery was held to have been properly made upon him at his mother's home.

The rationale of the cases in which the question has been considered in various forms of procedure lead to the conclusion that the legislative intent in this section of the Practice act was to prescribe a method of service of process upon a defendant in lieu of personal service, by leaving the writ with some one complying with the statutory requirement, at the defendant's usual place of abode, if he have one in this state. The method of service here meets with this requirement, and the motion will therefore be denied.