ATLANTIC COUNTY CIRCUIT COURT.

AUGUSTUS CO., A CORPORATION FOR THE USE OF EDMUND A. BOURGEOIS AND EDMUND A. BOURGEOIS, PLAINTIFFS, v. JOSEPH A. MANZELLA, DEFENDANT.

Decided December 27, 1940.

For the plaintiffs, *Augustus S. Goetz.*

For the defendant, *Robert Peacock.*

JAYNE, C. C. J.   The aim of this proceeding is to nullify the issuance of a writ of attachment.   It is asserted that the writ was improvidently granted.   The writ was issued on July 26th, 1940, by the clerk of the county of Atlantic in consequence of an affidavit declaring that the above named defendant was indebted to the plaintiffs and that the debtor was not then a resident in this state.   *R. S.* 2 :42-5b.

The factual statements embodied in this affidavit are not conclusive. *City Bank* v. *Merrit,* 13 *N. J. L.* 131; *Brundred* ads. *Del. Hoyo,* 20 *Id.* 328; *Clark* ads. *Likens,* 26 *Id.* 207; *Bisbee* v. *Bowden,* 55 *Id.* 69; 25 *Atl. Rep.* 855. Recognizing the proper practice, depositions were taken. *Baldwin* v. *Flagg,* 43 *N. J. L.* 495; *Vredenburgh* v. *Weidmann,* 14 *N. J. Mis. R.* 285; 184 *Atl. Rep.* 459.

Fundamentally it may be observed that the origin of a proceeding to recover a debt by initially attaching the property of the debtor can not be discovered in the early common law. Such a proceeding seems to have been the creature of the custom of London and subsequently fully legitimatized by statute. The writ of attachment, however, is regarded as an extraordinary and not an ordinary writ. *City Bank* v. *Merrit; supra; Leonard* v. *Stout,* 36 *N. J. L.* 370; *reversed, 37 Id.* 492. To use this writ when the debtor is within the reach of ordinary process is inimical to the spirit and design of this mode of procedure. *Kugler* v. *Shreve,* 28 *Id.* 129, 133. Nevertheless, our statute directs that its provisions shall be liberally construed for the detection of fraud, the advancement of justice and the benefit of creditors. *R. S.* 2:42-2.

In the present controversy, it is contended that the debtor was a resident of this state. A consideration of the meaning of the words "resident" and "residence" perhaps suggests references to the early case of *Cadwalader* v. *Howell,* 18 *N. J. L.* 138, and to other cases that have arisen relating to our Divorce, Tax and Election acts but to ascertain the meaning of the word "resident" as employed in our Attachment act the following reported decisions may be more appropriately cited. *City Bank* v. *Merrit, supra; Brundred* ads. *Del. Hoyo, supra; Kugler* v. *Shreve, supra; Hackettstown Bank* v. *Milchell,* 28 *Id.* 516; *Perrine* ads. *Evans,* 35 *Id.* 221; *Leonard* v. *Stout, supra; Baldwin* v. *Flagg, supra; Stafford* v. *Mills,* 57 *Id.* 570; 31 *Atl. Rep.* 1023; *Coles* v. *Blythe,* 69 *N. J. L.* 203; 54 *Atl. Rep.* 240; *Hisor* v. *Vandiver,* 83 *N. J. L.* 433; 85 *Atl. Rep.* 181; *Missell* v. *Hayes,* 84 *N. J. L.* 196; 85 *Atl. Rep.* 818.

Many serviceable precepts can be extracted from these decisions. *Videlicet,* mere presence in the state is not resi-

dence. *Perrine* ads. *Evans, supra.* Mere absence is not proof of non-residence. *Leonard* v. *Stout, supra.* Mere inconvenience in the service of summons or other process furnishes no reason for the issuance of an attachment against one as a non-resident debtor. *Stafford* v. *Mills, supra.* A creditor need not wait for a non-resident debtor to enter this state, although it is known that the debtor frequently does so. *Hackettstown Bank* v. *Mitchell, supra; Perrine* ads. *Evans, supra.* The time when the writ was issued and utilized is the time as of which the residence of the debtor is material. *Baldwin* v. *Flagg, supra.*

Mr. Justice Depue stated in *Baldwin* v. *Flagg, supra:* "*Perrine* ads. *Evans* in this court (6 *Vr.* 221), and *Stout* v. *Leonard* in the Court of Errors (8 *Id.* 492), have placed this subject on a rational basis. A debtor may have his domicile in another state, and yet be exempt from process of attachment in this state. He may be in the habit of coming into this state so frequently and openly, that a creditor by watching an opportunity, may obtain personal service of process upon him, and still he will be liable to process of attachment. A residence or place of abode in this state of a temporary or permanent character, at which a summons might lawfully be served, is the condition on which process of attachment cannot be issued. If the debtor has not such a place of abode that a summons could be served at it, he is a non-resident within the meaning of the statute, and may be proceeded against by attachment." This has been the authoritative test to which such problems have been uniformly subjected. See *Coles* v. *Blythe, supra; Hisor* v. *Vandiver, supra; Missell* v. *Hayes, supra.*

The depositions at hand occasion some perplexity. It has been stated that the solution of such questions sometimes depends on minute shades of distinction, which can hardly be defined and upon the circumstances of each case, the combinations of which are infinite. *Leonard* v. *Stout, supra.* The depositions here submitted disclose that the defendant is a physician and surgeon. He is married and his family consists of his wife, a son and a daughter. Until 1915, he practiced his profession at Vineland, New Jersey, and then

evidently resolved to engage in practice in Brooklyn, New York. For many years he has continuously maintained a farm at Vineland upon which is situate a dwelling house of nine rooms completely furnished and an accessary building for the accommodation of guests and employes. In 1919 he acquired a residential property at No. 340 Clinton street, Brooklyn, containing rooms for his professional needs and bedrooms, dining room and kitchen for the use of his family. His activities have obliged him to live at this address almost continuously. Although there were periods of time when the members of his family lived with him in Brooklyn, it is said that during the past ten years they have resided continuously at Vineland. The home at Vineland is his occasional destination throughout the year, when opportunity is afforded. Additional facts may be concisely stated and marshalled. He pays a poll tax in New Jersey and is registered and votes in Brooklyn. Until the present year he has owned two automobiles, one registered in this state, the other in New York. He and his wife procure motor vehicle drivers' licenses from the authorities in New York. The son obtains his license from an agency in this state. The defendant in causing his name to be recorded in medical directories and other professional publications has represented the address in Brooklyn to be his residence. Then, moreover, in his income tax return, in the mortgage covering the Brooklyn property and in a suit against the Morro Castle Committee, he professed that the stated address in Brooklyn was his place of residence. About two years ago, he applied for and gained admission to the bar of the State of New York avowing his residence to be in Brooklyn. In a business interview with Mr. George A. Bourgeois, a member of our bar, the defendant informed Mr. Bourgeois that he lived in Brooklyn.

Little significance, perhaps, should be conferred upon the fact that in matters relating to business and professional affairs, the defendant customarily chose to declare his residence to be where he also maintained his offices. The factual circumstances in this case are unique. It must be acknowledged that there may be circumstances under which the residence of the wife may be in one jurisdiction and that of the

husband in another. As a general rule, the legal residence of the wife follows that of her husband. *Hackettstown Bank* v. *Mitchell, supra.* A residence may be a place where one does not actually dwell or abide.

In *Baldwin* v. *Flagg, supra,* Mr. Justice Depue observed: "Whenever the propriety of a writ of attachment is in issue, the question is decided on a comparison of the Practice act, with respect to the service of writs of summons, with the provisions of the Attachment act." It then must be noticed that the statute relating to the service of a summons does not direct service to be made at the "residence" of the defendant but at his "usual place of abode" which is a much more restricted term. *Mygatt* v. *Coe,* 63 *N. J. L.* 510; 44 *Atl. Rep.* 198; *Camden Safe Deposit and Trust Co.* v. *Barbour,* 66 *N. J. L.* 103; 48 *Atl. Rep.* 1008; *Missell* v. *Hayes, supra; F. E. Compton & Co.* v. *Hulse,* 10 *N. J. Mis. R.* 486; *Sweeney* v. *Miner,* 88 *N. J. L.* 361; 95 *Atl. Rep.* 1014. Abode is one's fixed place of residence for the time being—the place where a person dwells. 1 *C. J.* 304. In *Feighan* v. *Sobers & Son,* 84 *N. J. L.* 575; 87 *Atl. Rep.* 636, it was held that the meaning to be ascribed to "usual place of abode" is the place where the defendant is actually living at the time the service is made. This conclusion was affirmed by the Court of Errors and Appeals. 86 *N. J. L.* 356; 91 *Atl. Rep.* 1068. Where, then, was the usual place of abode of this alleged debtor?

The depositions assuredly reveal that whether for business or other reasons, the defendant permanently inhabits the house in Brooklyn. There he regularly dwells throughout each year. It is in reality his home. To him personally, the house at Vineland, New Jersey, is a place for his temporary and occasional occupation. An endeavor to have served him personally in this state with a summons, would probably have been ineffectual. Had a summons been left at his Vineland house, the defendant would have had equal reason to claim that such dwelling house was not his usual place of abode. A liberal construction of the Attachment act is opportune.

It is concluded that the rule to show cause should be discharged.

The subject-matter of this litigation is of a business or commercial nature. It is not apparent that the defendant will suffer any particular inconvenience by reason of the attachment of his property, if the merits of the case are promptly determined. In such circumstances, this case, when issue is joined, may be given an advanced position on the trial calendar at the Atlantic Circuit.