92 N.J. Super. 586 (1966)
224 A.2d 345
S.D. SALES CORP., A NEW YORK CORPORATION, PLAINTIFF,
v.
DOLTEX FABRICS CORP., A NEW YORK CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 10, 1966.
*587 Mr. Herbert F. Savoye, Jr. attorney for plaintiff.
Mr. Walter R. Cohn for defendant (Messrs. Cohn & Turk, attorneys).
BOTTER, J.S.C.
The issue posed is whether the court should invoke the doctrine of forum non conveniens to decline jurisdiction in an action commenced by attachment. Both parties are New York corporations not authorized to do business in New Jersey; plaintiff can readily sue defendant in New York; the cause of action arose outside of New Jersey, and the dispute is unrelated to this State except that defendant's goods, which could be attached, were here for processing by a third party.
Plaintiff obtained an order for a writ of attachment, claiming defendant owes plaintiff $13,000 on an open account for services rendered in printing and dyeing textile materials. The attachment was executed against 10,000 yards of cotton velour owned by defendant which were in New Jersey in the hands of a processor for dry finishing. Notice of the attachment *588 was then given to defendant, and defendant has moved to quash the attachment. R.R. 4:77-14 and 16.
The Legislature has provided that an attachment "may issue" where "the defendant absconds or is a nonresident of this state, and a summons cannot be served on him in this state * * *." N.J.S. 2A:26-2(b). An attachment against a nonresident's property within the State is a means of obtaining jurisdiction over defendant to the extent of the property attached. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877). The fact that defendant is a New York corporation not authorized to do business in New Jersey and cannot be served with a summons in New Jersey brings defendant within the scope of our Attachment Act. Goldmark v. Magnolia Metal Co., 65 N.J.L. 341 (Sup. Ct. 1900). Here, however, defendant's obligation did not arise by contract made or to be performed in New Jersey. The parties and the litigation have no relationship to New Jersey except that defendant sends goods into New Jersey from time to time for processing.
It is difficult to say if there is a precise holding on the issue here posed in any reported New Jersey decision. In Goldmark v. Magnolia Metal Co., supra, the court held that an attachment will lie against a foreign corporation for the recovery of a debt which arose outside the State. However, there is no reference in the opinion to plaintiff's residence. Court records showing plaintiff's residence are no longer available. It may be that the case merely holds that a New Jersey resident can attach a foreign corporation's assets to pursue a cause of action which arose within or without the State. If this is so, the holding would be unremarkable and unrelated to the problem at hand.
In Pan American Securities Corp. of New York v. Fried, Krupp Aktiengesellschaft, a German Corp., 16 N.J. Misc. 225 (Cir. Ct. 1938), the court said that a New York corporation can attach the property of a German corporation to pursue a claim on negotiable bonds not issued or payable in New Jersey and not otherwise connected with New Jersey. The attachment was made upon certain rights and credits owing *589 to defendant from New Jersey corporations. The literal statutory requirements for an attachment were satisfied, namely, defendant was a nonresident and could not be served in New Jersey. The court retained jurisdiction without describing the factors which militated against applying the forum non conveniens doctrine. The doctrine was not even mentioned by name in the opinion. But the court was dealing with an application for pretrial discovery only, and the right was reserved at the trial on a sufficient showing to decline jurisdiction by "judicial application of the principles of public policy, or comity * * *." (at p. 230)
Our Supreme Court has recently applied forum non conveniens where personal service upon a foreign corporation was made in New Jersey in actions brought by residents of European countries. Semanishin v. Metropolitan Life Ins. Co., 46 N.J. 531 (1966). The court there said that the doctrine may be applied to protect the "citizens of a state from the unjustifiable burden imposed upon them when controversies having no connection with the state are allowed to proceed to trial." 46 N.J., at p. 533, citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). If a court, on grounds of forum non conveniens, can decline to take jurisdiction when effective personal service can be made upon defendant, the court should have as much discretion to decline jurisdiction where service is obtained by an attachment process. The issue is not how jurisdiction was obtained. The issue is whether jurisdiction should be retained over a dispute that is essentially foreign to the chosen forum. In other jurisdictions the doctrine has been applied on occasion to reject jurisdiction in cases similar to the case at hand. See Plum v. Tampax, Inc., 399 Pa. 553, 160 A.2d 549 (Sup. Ct. 1960); Russell v. Wilson, 18 La. 367 (Sup. Ct. 1841); Central Pub. Co. Inc. v. Wittman, 283 App. Div. 492, 128 N.Y.S.2d 769 (App. Div. 1954). See also the New York Business Corporation Law, McKinney's Consol. Laws, c. 4, § 1314(b), which denies jurisdiction in an action against a foreign corporation by a nonresident or another foreign corporation unless certain *590 conditions are met which in general connect the parties or the cause of action to New York. This statute reflects New York's "policy against lending its courts to the resolution of disputes between nonresident parties * * *." Simonson v. International Bank, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 435, 200 N.E.2d 427, 429 (Ct. App. 1964). If a defendant foreign corporation does not have sufficient contact with New York to be subject to personal service in that jurisdiction[1] and the other conditions establishing a nexus with New York do not exist, a New Jersey corporation or other nonresident of New York could not bring an action of this kind in New York. See Cala v. Luis De Ridder Ltda., S.A., 17 A.D.2d 729, 232 N.Y.S.2d 284 (App. Div. 1962), holding that a foreign corporation cannot maintain an action commenced by attachment against another foreign corporation in New York where the cause of action did not arise in New York, citing New York General Corporation Law, section 225, now New York Business Corporation Law, § 1314, supra. A contrary view may be found in the following cases, although distinguishing facts may have impelled retention of jurisdiction. Aero Spray, Inc. v. Ace Flying Service, Inc., 139 Colo. 249, 338 P.2d 275 (Sup. Ct. 1959); Thistle v. Halstead, 95 N.H. 87, 58 A.2d 503 (Sup. Ct. 1948); Root v. Superior Court, 209 Cal. App.2d 242, 25 Cal. Rptr. 784 (D. Ct. App. 1963). See also Katz v. Liston, 22 A.D.2d 205, 254 N.Y.S.2d 389 (App. Div. 1964).
Defendant maintains an office in New York and can be sued readily in that state. Admittedly, plaintiff has come into New Jersey because, by virtue of the attachment, it can obtain security for its claim from the time of execution of the attachment. N.J.S. 2A:26-8. To release its goods defendant must post a bond in an amount fixed by the court. R.R. 4:77-18. *591 This process adds a burden to the defense of an action not present in the ordinary contract action. The attachment has arrested defendant's goods in commerce for some period of time. Posting a bond is an expense; sometimes a bonding company will not issue a bond unless the principal can deposit sufficient cash or securities to satisfy the potential liability. Except where an attachment is authorized, advance security will be required for defendant's potential liability only in unusual circumstances. See R.R. 4:58-5, which provides that on motion for summary judgment leave to proceed may be conditioned on the giving of security. Judson v. Peoples Bank and Trust Company of Westfield, 17 N.J. 67, 75 (1954); Kaplan v. Catlett, 121 N.J.L. 201 (E. & A. 1938). Although the power to require security or to preserve the property in dispute may impel a court to keep jurisdiction in a given case commenced by attachment (see Republic of China v. Pong-Tsu Mow, 15 N.J. 139, 148 (1954)), nothing has been presented on this motion to persuade this court that plaintiff should be preferred in this manner at the cost to New Jersey of handling litigation that has no other reason for being here. Certainly we do not want to inconvenience interstate commerce by unnecessarily exposing property coming into a state to the threat of attachment so as to install litigation in a forum that is inappropriate to the parties and the dispute. See Gulf Oil Corp. v. Gilbert, supra, 330 U.S., at p. 505, 67 S.Ct., at p. 839; Central Pub. Co., Inc. v. Wittman and Russell v. Wilson, supra. Here, the attached goods were in New Jersey for the final processing stage before being shipped to one of defendant's customers.
In attachment actions, as in the case at hand, the property attached often has less value than the claim. This would tend to multiply litigation until full recovery for the claim is obtained, although the first judgment may be res judicata as to the facts actually litigated. Restatement, Judgments, § 76(2), p. 340. Except to advance the needs of justice, the fragmentation and multiplication of litigation should not be encouraged. In New York, where defendant can be served *592 personally, all controversies between the parties can be resolved, and the one judgment in that action should be dispositive. In this connection it is noted that defendant by affidavit states that it is solvent and capable of satisfying the full amount of the claim asserted by plaintiff.
Plaintiff contends that it released the goods now attached on defendant's promise to pay $5,000 on account, and thereby relinquished an artisan's lien which plaintiff had in New York. Plaintiff contends that this court should keep jurisdiction to restore its security. On the other hand, defendant contends that it has suffered losses due to plaintiff's defective work on other goods. In the circumstances of this case New Jersey should not make its judicial facilities available simply to restore a lien to plaintiff which was relinquished voluntarily.
Accordingly, the attachment is vacated and the action is dismissed, without costs in this court.
NOTES
[1] See New York Business Corporation Law, § 1314(b) (4), as amended, Laws of N.Y. 1965, c. 803, sec. 49. Of course, if plaintiff could serve defendant personally in New Jersey, and would be unable to obtain an attachment here, plaintiff would have no interest in litigating in this forum.