96 N.J. Super. 345 (1967)
233 A.2d 70
S.D. SALES CORP., A NEW YORK CORPORATION, PLAINTIFF-APPELLANT,
v.
DOLTEX FABRICS CORP., A NEW YORK CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 1967.
Decided July 25, 1967.
*346 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Herbert F. Savoye, Jr. argued the cause for appellant.
No one appeared on behalf of respondent.
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal from an order of the Law Division quashing a writ of attachment and dismissing plaintiff's complaint.
*347 Plaintiff and defendant are New York corporations not authorized to do business in New Jersey. Plaintiff brought an attachment action in this State to recover $13,000 allegedly due for services rendered to defendant in New York. The writ of attachment having issued, the sheriff attached 10,000 yards of cotton fabric owned by defendant which was being dry-finished by a processor in Rutherford, New Jersey. Defendant moved to quash the writ and to dismiss plaintiff's complaint.
Defendant's place of business is in New York City. It converts yard goods for specified orders of its customers. Defendant purchases unfinished fabrics from knitters which are shipped to a processor for printing and dyeing. Thereafter the goods are reshipped to a dry-finishing company for further processing, after which they are delivered to defendant's customers.
Plaintiff is engaged in the business of printing and dyeing fabrics at its plant located in Garnersville, New York. In 1966 at defendant's request it printed and dyed certain cotton fabrics. Plaintiff alleged that when it sought payment for its services, defendant promised to pay $5,000 on account. Plaintiff thereupon shipped the goods to defendant's dry finisher in New Jersey, thus releasing its artisan's lien on the goods in New York. When defendant failed to make the promised payment plaintiff brought its action in this State and attached the goods.
The affidavit submitted by defendant on its motion to quash alleged that plaintiff is indebted to it for approximately $50,000 because of defective processing of its goods and the resultant loss of profits. It stated that suit had not been started to recover the same because plaintiff was having financial difficulties and was involved in a Chapter 11 proceeding in the federal bankruptcy court. Defendant said there was no reason or need for plaintiff to bring the action in New Jersey; that defendant is financially solvent with assets sufficient to satisfy any judgment plaintiff might possibly obtain against it, and that plaintiff can bring suit on its *348 alleged claim in New York. Defendant further asserted that because of the attachment proceedings in this State a customer had cancelled an order for the attached goods, resulting in an additional loss of profit of $3,000.
Judge Botter invoked the doctrine of forum non conveniens to decline jurisdiction and quashed the writ of attachment. In his opinion, reported at 92 N.J. Super. 586 (Law Div. 1966), he emphasized that the action in which the writ of attachment issued arose outside of New Jersey, involved two New York corporations not authorized to do business here, and that the dispute was unrelated to this State except that defendant's goods were here for processing by a third party. He said plaintiff could readily sue defendant in New York but admittedly brought the action in New Jersey because, by virtue of the attachment, it could obtain security for its claim from the time of the execution of the writ. He held that under the circumstances of the case New Jersey should not make its judicial facilities available to plaintiff to restore its New York artisan's lien which had been relinquished voluntarily.
We affirm essentially for the reasons expressed by Judge Botter in his opinion, adding only the further comments hereinafter set forth as to the arguments advanced on this appeal.
Plaintiff first contends that N.J.S. 2A:26-1 et seq. expressly authorizes issuance of an attachment in this case and that the trial court had jurisdiction even though the parties are non-residents and the cause of action arose in New York. However, the contention is irrelevant because forum non conveniens is invoked only when the court has jurisdiction. In all cases in which the doctrine of forum non conveniens comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for the choice between them. Vargas v. A.H. Bull Steamship Co., 44 N.J. Super. 536, 542 (Law Div. 1957), affirmed 25 N.J. 293 (1957).
*349 Plaintiff next argues that the application of the doctrine of forum non conveniens is a judicial infringement upon the statutes authorizing attachment actions in this State. It contends that the application of the doctrine, based on the exercise of judicial discretion, is grounded upon the public policy of the State, and that the public policy of New Jersey as expressed in the statutes permits nonresident creditors to attach the property of nonresident debtors found within this State.
While N.J.S. 2A:26-1 provides that the Attachment Act shall be liberally construed as a remedial law for the protection of both resident and nonresident creditors, we do not consider the legislative mandate to bar the doctrine of forum non conveniens. Cf. Vargas v. A.H. Bull Steamship Co., supra, 44 N.J. Super., at pp. 540-541; and see Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, 1062 (1946).
The doctrine of forum non conveniens is largely an equitable one and its application is a matter for the trial court. In Semanishin v. Metropolitan Life Ins. Co., 46 N.J. 531 (1966), an in personam action, our Supreme Court applied the doctrine in an action brought by European plaintiffs against a New York corporation authorized to do business in New Jersey in an attempt to collect the proceeds of a New York decedent's life insurance policies. The court said:
"Under the doctrine of forum non conveniens a court may decline jurisdiction whenever the ends of justice indicate that trial in the forum selected by a plaintiff would be inappropriate. [Citations omitted] Although the doctrine is frequently invoked to protect the private interests of the litigants (taking into consideration such factors as the availability of witnesses, the ease of access to other sources of proof, etc.) see e.g., Gore v. United States Steel Corp. [15 N.J. 301 (1954)], the doctrine should also be applied to protect the citizens of a state from the unjustifiable burden imposed upon them when controversies having no connection with the state are allowed to proceed to trial." (at p. 533)
*350 We agree with the conclusion reached by Judge Botter in the court below  that if a court, on the ground of forum non conveniens, can decline to take jurisdiction when effective personal service can be made upon a defendant, the court should have discretion to decline jurisdiction where service is obtained by the attachment process. See also Universal Adjustment Corporation v. Midland Bank, 281 Mass. 303, 184 N.E. 152, 158-159, 87 A.L.R. 1407 (Sup. Jud. Ct. 1933) (where the court upheld application of the doctrine when a nonresident's property was attached), and Annotation, "Remitting Plaintiff to Another Forum," 87 A.L.R. 1425 et seq. (1933).
Finally, plaintiff claims the doctrine should not be applied because plaintiff chose the forum in good faith and without intent to vex, harass or oppress defendant. We find no legal support or substantial merit to this argument. The good faith of a plaintiff is not the determinative factor which controls application of the doctrine. There are many factors which are to be considered by a court before jurisdiction is declined on the ground of forum non conveniens. See Gore v. United States Steel Corp., 15 N.J. 301 (1954), where the court laid down the principles which trial judges must follow in applying the doctrine.
We find no abuse of discretion by the trial judge in dismissing the writ of attachment in the instant case.
Affirmed.