**SENTRY INSURANCE, a Mutual company, Plaintiff,**

v.

**SKY MANAGEMENT, INC., Defendant.**

**Civil Action No. 98–2777.**

United States District Court, D. New Jersey.

Jan. 26, 1999.

Vincent J. Proto, Budd Larner Gross
Rosenbaum Greenberg & Sade, Short Hills,
NJ, for plaintiff.

Richard M. Greene, Garden City, NY, for defendant.

## OPINION

WOLIN, District Judge.

This matter initially came before the Court on November 16, 1998, when plaintiff filed an application for an order to show cause why a writ of attachment should not issue for defendant's out-of-state lawsuit. The Court first denied plaintiff's application, but after plaintiff filed a supplementary brief on November 30, 1998, the Court entered an order to show cause on December 23, 1998.

The Court has decided this matter pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated herein, the Court will grant plaintiff's motion for a writ of attachment.

## BACKGROUND

On June 12, 1998, Sentry Insurance ("plaintiff" or "Sentry"), a Wisconsin mutual company, filed a complaint against Sky Management, Inc. ("defendant" or "Sky"), a New Jersey corporation, in federal district court in New Jersey for breach of a workers' compensation insurance contract. In its complaint, Sentry alleges that Sky made certain material misrepresentations in its application for workers' compensation insurance and then refused to pay the revised premium after Sentry conducted an audit and increased the premium in accordance with facts obtained during the audit. *See* Complaint, ¶¶ 7, 9, 15–17, 22–27.

Previously, on April 1, 1998, Sky had filed a complaint against Jennifer Convertibles, Inc. ("Jennifer") in the Supreme Court of the State of New York, seeking damages for breach of contract. *See* Proto Affid., Exh. C. Jennifer is alleged to be a New York corporation that regularly conducts business in New Jersey through various retail stores located in the state. *See* 11/30/98 Brief, p. 3.

To secure payment of its contract claim, Sentry seeks to attach the cause of action that Sky is currently pursuing in New York state court against Jennifer. On November 16, 1998, plaintiff filed an application for an order to show cause why a writ of attachment should not issue. This application was accompanied by a supporting brief (the "11/16/98 Brief") and several affidavits (the "Proto Affid." and the "Jaskolski Affid.", among others).

The Court initially denied plaintiff's application, believing that it lacked jurisdiction to attach a cause of action that had been asserted in an out-of-state court. However, on November 30, 1998, plaintiff submitted an additional brief on this issue (the "11/30/98 Brief"), and on December 23, 1998, the Court entered an order to show cause why a writ of attachment should not issue.

On January 14, 1999, defendant submitted an Affidavit of Rani Ullman in opposition to plaintiff's application (the "Oppos. Affid."). Plaintiff responded with an additional letter brief in support of its application, dated January 20, 1999.

In addition to the allegations of misrepresentation that Sentry made in its complaint, Sentry has also noted that certain statements included in Sky's insurance application are called into question when compared to Sky's averments in the complaint it filed in New York state court against Jennifer.[1] *See* 11/16/98 Brief, pp. 9–10.

In its opposition affidavit, Sky disputes Sentry's allegations of misrepresentation, asserting that "any alleged inconsistencies between SKY'S insurance application and statements made by SKY in its Complaint against JENNIFER are … as a result of additions made by plaintiff to SKY'S application (after SKY'S execution of the application)…." Oppos. Affid., ¶ 6. Sky further alleges that it should not be held liable for misrepresentation when it itself was a "victim of fraud"

---

1. For instance, the "no" answer to the question "Do you have any trucking operations?" on the insurance application dated August 9, 1996, completed by Sky's agent contrasts sharply with Sky's assertion in its complaint in the New York litigation that Sky is both "authorized" and "licensed" to "engage in the trucking business and business of transporting goods … for hire within and without the States of New York, New Jersey, Pennsylvania and Connecticut" and that Sky agreed to "commence delivering furniture" for Jennifer on or about July 7, 1996. *See* Jaskolski Affid., Exh. A; Proto Affid., Exh. C, ¶¶ 4, 5, 7.

perpetrated by various subcontractors who held themselves out as independent contractors with valid insurance certificates. *Id.,* ¶¶ 8–11. Finally, Sky requests that if a writ of attachment is issued, that Sky's attorney fees be given priority over the attachment. *Id.* at ¶¶ 12–13.

## DISCUSSION

The Court is presented with the unusual question of whether a non-resident plaintiff pursuing a cause of action in contract against a resident defendant may attach a cause of action that the defendant is pursuing in the courts of a third state.[2] The parties have not identified, and the Court has been unable to locate, any New Jersey cases that are directly on point. However, given the terms of the New Jersey attachment statute and court rules, and in light of the relevant case law discussed below, the Court has determined that this question is answerable in the affirmative.

### A. Attachment Generally

For cases brought in federal court, the remedy of attachment is "available under the circumstances and in the manner provided by the law of the state in which the district court is held." Fed.R.Civ.P. 64. A writ of attachment is generally obtained for one of two purposes: to acquire jurisdiction over an out-of-state defendant to the extent of the defendant's property located in the state, or to gain security for a claim pending as of the time of attachment. *See, e.g.,* Bruce A. Tritsch, *Attachment in New Jersey,* 11 Rutgers L.Rev. 714, 714 (1957); *S.D. Sales Corp. v. Doltex Fabrics Corp.,* 92 N.J.Super. 586, 588, 590, 224 A.2d 345 (Law Div.1966), *aff'd,* 96 N.J.Super. 345, 233 A.2d 70 (App.Div. 1967); *see also* N.J.S.A. § 2A:26–8.

■■■ Attachment was nonexistent at common law and, as with all legal proceedings created by statute, it should not be "enlarged beyond the plain meaning and understanding" of the statutory terms. *See Russell v. Fred G. Pohl Co.,* 7 N.J. 32, 41, 80

A.2d 191 (1951); *Augustus Co. v. Manzella,* 19 N.J.Misc. 29, 30, 17 A.2d 68 (Cir.Ct.1940). The Court is mindful, however, that the attachment statute itself directs that it "be liberally construed, as a remedial law for the protection of resident and nonresident creditors and claimants." N.J.S.A. § 2A:26–1. Because attachment is an extraordinary writ, the party seeking attachment has the burden of demonstrating the court's jurisdiction. *See Corbit v. Corbit,* 50 N.J.L. 363, 364, 13 A. 178 (1888).

### B. Attachment of Choses in Action

■■■ A chose in action is an item of intangible personal property. *See National Fire Ins. Co. v. Chambers,* 53 N.J.Eq. 468, 483, 32 A. 663 (Ch.1895). Because a chose of action is intangible, and thus "incapable of actual seizure," it need not and cannot be physically within the jurisdiction of the court. *Id.* Nevertheless, a court can attach a chose in action; all that is required is notice to the party against whom the attachment may operate. *See id.* The notice of the writ of attachment serves as "a 'warning' to the party not to pay the debt to the [defendant] until the plaintiff's debt is satisfied." *Id.* at 484, 32 A. 663. The *Chambers* court concluded that "the real and only ground of jurisdiction in case of attachment over choses in action is the service, within the [court's] jurisdiction, of warning upon the [attached party]; and, when that is done, jurisdiction is obtained." *Id.*

Subsequent decisions of the United States Supreme Court have concurred with the conclusions of the *Chambers* court. For instance, in *Harris v. Balk,* which involved the analogous procedure of garnishment, the Court held that "if the garnishee be found in that state, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff, and condemn it, provided the garnishee could himself be sued by his creditor in that state." *Harris v. Balk,* 198 U.S.

---

**2.** The Court notes that the terms "cause of action" and "chose in action" are not always synonymous, but for purposes of this opinion, the Court uses both terms interchangeably to signify a "right not reduced into possession, but recoverable by a suit at law." *See Black's Law Dictionary* 221, 241 (6th ed.1990).

215, 222, 25 S.Ct. 625, 49 L.Ed. 1023 (1905), *overruled on other grounds, Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

In *Standard Oil Co. v. New Jersey,* the Court concluded more generally that because

> choses in action have no spatial or tangible existence, control over them can "only arise from control or power over the persons whose relationships are the source of the rights and obligations." . . . Situs of an intangible is fictional but control over parties whose judicially coerced action can make effective rights created by the chose in action enables the court with such control to dispose of the rights of the parties to the intangible.

*Standard Oil Co. v. New Jersey,* 341 U.S. 428, 439–40, 71 S.Ct. 822, 95 L.Ed. 1078 (1951) (quoting *Estin v. Estin,* 334 U.S. 541, 548, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948)).

 It follows from this case law, therefore, that in order to attach Sky's cause of action against Jennifer, the Court must have the ability to serve a writ of attachment upon Jennifer within the territorial jurisdiction of the Court. *See Orient Ins. Co. v. Rudolph,* 69 N.J.Eq. 570, 574, 61 A. 26 (Ch.1905). It appears from plaintiff's moving papers that Jennifer, while a New York corporation, does business in New Jersey and has sufficient "presence" in New Jersey to subject it to service of process within the Court's jurisdiction. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316–18, 66 S.Ct. 154, 90 L.Ed. 95 (1945); N.J.Ct.R. 4:4–4(a)(6). Furthermore, the Court notes that Sky, a New Jersey resident, could have brought suit against Jennifer in New Jersey. *See Harris,* 198 U.S. at 222, 25 S.Ct. 625; N.J.Ct.R. 4:3–2(a)(3).

## C. New Jersey Attachment Law

The New Jersey Court Rules (the "Rules") direct that a motion for a writ of attachment shall be granted

> only upon the court's finding . . . that (1) there is a probability that final judgment will be rendered in favor of the plaintiff; (2) there are statutory grounds for issuance of the writ; and (3) there is real or

personal property of the defendant at a specific location within this State which is subject to attachment.

N.J.Ct.R. 4:60–5(a) (hereafter "R. 4:60–5").

The Rules describe how the sheriff should levy on various types of property after a writ of attachment has been issued, and specifically address the attachment of choses in action: "In the case of choses in action not referred to in paragraphs (c) or (d) of this rule [negotiable commercial paper and negotiable investment securities], [the sheriff is to levy] by serving a certified copy of the writ upon the person owing the same." N.J.Ct.R. 4:60–7(e).

New Jersey law identifies the following statutory grounds for the issuance of a writ of attachment:

> a. Where the facts would entitle plaintiff to an order of arrest before judgment in a civil action . . . ;
>
> b. where the defendant absconds or is a nonresident of this state . . . ;
>
> c. where the cause of action existed against a decedent . . . ;
>
> d. where plaintiff has a claim of an equitable nature as to which a money judgment is demanded . . . ; or
>
> e. where the defendant is a corporation created by the laws of another state but authorized to do business in this state. . . .

N.J.S.A. § 2A:26–2 (hereafter " § 2A:26–2"). Another statute specifies the property that is exempt from attachment. *See* N.J.S.A. § 2A:26–4. The only property so enumerated is "household goods and furniture not exceeding $1,000.00 in value." *Id.*

Plaintiff has asserted that it is entitled to a writ of attachment under § 2A:26–2(a) because "the facts would entitle plaintiff to an order of arrest before judgment in a civil action." The "civil arrest" procedure known as *"capias ad respondendum"* is outlined in N.J.S.A. § 2A:15–41, –42. In certain civil cases, the court may issue a *capias ad respondendum,* requiring that a defendant post bail as a way of guaranteeing the defendant's appearance. For contract cases, a *capias ad respondendum*

> shall issue . . . only when the proof establishes . . .

a. That defendant is about to remove any of his property out of the jurisdiction … with intent to defraud his creditors; or

b. That defendant has property or choses in action which he fraudulently conceals; or

c. That defendant has assigned, removed or disposed of, or is about to assign, remove or dispose of, any of his property with intent to defraud his creditors; or

d. That defendant fraudulently contracted the debt or incurred the demand.

N.J.S.A. § 2A:15–42 (hereafter " § 2A:15–42").

Therefore, in order to obtain a writ of attachment, plaintiff must demonstrate that the requirements of § 2A:15–42, § 2A:26–2, and R. 4:60–5 have been satisfied. *See, e.g., Behring Int'l, Inc. v. Imperial Iranian Air Force,* 475 F.Supp. 396, 400–05 (D.N.J.1979).

## ANALYSIS

■ The Court finds that plaintiff has satisfied the terms of § 2A:15–42. The averments presented in plaintiff's supporting affidavits adequately support plaintiff's assertion that defendant fraudulently contracted the amount at issue in this litigation. The Court makes no finding as to whether such fraud actually occurred, but simply finds that plaintiff has submitted sufficient evidence such that plaintiff would be entitled to a grant of *capias ad respondendum* under the terms of § 2A:15–42(d).

Thus, because the Court has determined that plaintiff would be entitled "to an order of arrest before judgment" under § 2A:15–42(d), the Court notes that the provisions of § 2A:26–2(a) are satisfied.

■ The Court further concludes that the procedural requirements of R. 4:60–5(a) have been met. In its briefs and affidavits, plaintiff has demonstrated that there is a "probability" that it will obtain a final judgment in its favor. R. 4:60–5(a)(1). "Probable" is used in the ordinary sense of the word; in other words, a result is probable if it "can reasonably and fairly convincingly be accepted as true, factual, or possible without being undeniably so." *Fravega v. Security Sav. & Loan Ass'n,* 192 N.J.Super. 213, 469

A.2d 531, (Ch.Div.1983) (quoting *Random House Dictionary of the English Language* 1146 (Unab. ed.1967)). Rule 4:60–5(a)(2) is satisfied because, as noted above, statutory grounds exist for the issuance of the writ.

Finally, the Court finds that there is "real or personal property of the defendant at a specific location within this state that is subject to attachment," in accordance with R. 4:60(a)(3). Sentry's "chose in action" is intangible personal property subject to attachment by this Court because Jennifer, the party subject to attachment, may be served with process within the Court's territorial jurisdiction.

At this time, the Court makes no ruling on Sky's request that its legal fees be given priority over any writ of attachment. Sky has provided no legal authority to support its request, and such a determination is irrelevant to the merits of Sentry's application for a writ of attachment.

## CONCLUSION

For the foregoing reasons, the Court will grant plaintiff's application for a writ of attachment. Such writ shall extend only to any real and personal property of Sky located within the state of New Jersey, and to Sky's cause of action, captioned Sky Management, Inc., a/k/a Sky Management of New Jersey, v. Jennifer Convertibles, Inc., filed in the Supreme Court of the State of New York, County of Nassau, on April 1, 1998, Index No. 98–008448. Furthermore, such writ shall extend only to $117,788.00 in cash or equivalent value.

An appropriate Order and Writ are attached.

## ORDER OF ATTACHMENT

THIS MATTER having been opened to the Court by Budd Larner Gross Rosenbaum Greenberg & Sade, P.C., attorneys for plaintiff Sentry Insurance A Mutual Company ("Sentry"), on an Order to Show Cause for writs of attachment, and the Court having reviewed the papers submitted in support of and opposition to the Order to Show Cause and having heard argument, and it appearing

that defendant Sky Management, Inc. ("Sky") has assigned, removed or disposed of property with the intent to defraud its creditors, and it further appearing that Sky has fraudulently contracted a debt to Sentry, and for good cause shown,

IT IS on this 26th day of January, 1998,

ORDERED that a Writ of Attachment issue out of this Court directing the United States Marshal to attach the goods and chattels, rights, credits, monies, effects and real property of Sky to the sum or value of $117,788.00 as determined by the appraisement of the officer to whom the said Writ shall be directed; and

IT IS FURTHER ORDERED that the United States Marshal shall serve a certified copy of the Writ upon Jennifer Convertibles, Inc., 185 State Highway No. 17, Paramus, New Jersey 07652, and to instruct Jennifer Convertibles (a) that all monies claimed to be owed by Jennifer Convertibles to Sky, as alleged in an action styled *Sky Management Inc. v. Jennifer Convertibles, Inc.*, Index No. 98–8448, in the Supreme Court of New York, Nassau County, up to the amount of $117,788.00, have been attached by the United States Marshal, and (b) that Jennifer Convertibles shall not make any payments to Sky without the prior approval of this Court.

WRIT OF ATTACHMENT

The United States of America to the United States Marshal:

You are hereby ORDERED to immediately attach any property, real or personal, found within the State of New Jersey which belongs to defendant Sky Management, Inc. If you attach cash, attach no more than $117,788.00. If you attach property, other than cash, attach no more than the amount which would have to be sold, in your estimate, to obtain the sum above.

You are further hereby ORDERED, within thirty (30) days from the date of this Writ, to serve a certified copy of this Writ upon Jennifer Convertibles, Inc., 185 State Highway No. 17, Paramus, New Jersey 07652.

You are hereby further ORDERED to instruct Jennifer Convertibles that (a) all monies claimed to be owed by it to Sky Management, as alleged in an action entitled *Sky Management Inc. v. Jennifer Convertibles, Inc.*, Index No. 98–8448, in the Supreme Court of New York, Nassau County, up to the amount of $117,788.00, have been attached by you, and (b) it shall not make any payment to Sky Management without the prior approval of this Court.

If you attach any property pursuant to this Writ, you are further ORDERED to: (1) prepare a written inventory of all real property attached; (2) prepare a written appraisement of all personal property attached; (3) endorse upon this Writ and duplicate thereof each levy made and the date thereof; (4) annex to both the original and copy of this Writ a copy of the inventory and appraisement; (5) file the original and copy of this Writ on which all attachments have been endorsed, together with a copy of the inventory and appraisement, with this Court; (6) mail to plaintiff Sentry Insurance A Mutual Company or its attorneys, within five days after the levy, a notice of the levy and a copy of the inventory and appraisement.

This Writ is issued by order of Honorable Alfred M. Wolin of the United States District Court for the District of New Jersey.