PASSAIC COUNTY CIRCUIT COURT.

MAX FRIEDMAN AND JOSEPH KRONBERG, PARTNERS TRADING AS J. & M. FABRICS, PLAINTIFFS, v. ARTHUR MANDELBAUM, DAVID MANDELBAUM, ABNER LEVINE, DOROTHY MANDELBAUM, ARTHUR MANDELBAUM, AS TRUSTEE FOR WILLIAM J. MANDELBAUM, ET AL., DEFENDANTS.

Decided February 1, 1947.

For the plaintiffs, *A. Victor Koch.*

For the defendants, *Cole, Morrill & Nadell.*

DAVIDSON, C. C. J. This is a motion to quash a writ of attachment. Defendants appear specially and recorded stipulation of counsel provided for presentation of oral testimony to the end that the court might directly pass upon the merits of the issue.

The only question presented for determination is whether plaintiffs' claim is for liquidated damages within the con-

templation of *R. S.* 2:42–5; *N. J. S. A.* 2:42–5, as the general rule established in this state is that "an attachment will not lie for unliquidated damages, and can be used only when the demand is for a sum certain." *Schenck* v. *Griffin*, 38 *N. J. L.* 462, 467.

The suit is based upon an alleged breach of contract for the manufacture of 100,000 yards of cloth, the claim arising out of loss of contemplated profits upon the yardage not yet manufactured.

Our reported cases consistently follow *Heckscher* v. *Trotter*, 48 *N. J. L.* 419; 5 *Atl. Rep.* 581, 584, which holds that:

"The general rule is that unliquidated damages resulting from the violation of a contract cannot be recovered by attachment, unless the contract affords a certain measure or standard for ascertaining the amount of the damages. The standard should be the subject-matter of the contract. The standard must be shown by the contract, without the aid of inferences from extrinsic facts or circumstances."

Manifestly, the present case is not embraced within the limits of the rule, for "neither reference to the contract nor to any method of calculation arising out of it or resulting from it by operation of the law, could establish the profit which the plaintiffs would have made upon the merchandise so manufactured." *MacDowell & Co.* v. *Burke*, 3 *N. J. Mis. R.* 741; 130 *Atl. Rep.* 199; *Sher* v. *Church*, 93 *N. J. L.* 73, 75; 107 *Atl. Rep.* 57.

The profit in any business transaction necessarily depends upon many variable and uncertain factors and attachment will not lie where the damages flowing from a breach of the contract are to be determined by a jury.

While "debt" as used in the statute does not carry its literal and restricted meaning, and the act provides that it shall be construed in the most liberal manner for the benefit of creditors, "this provision was clearly not intended to give the courts, under decisions in this state, any right to uphold an attachment where there was not, in fact, proper ground therefor." *Connelly* v. *Lerche*, 56 *N. J. L.* 95; 28 *Atl. Rep.* 430.

My conclusion is that the motion to quash must be granted.