126 N.J. Super. 596 (1974)
316 A.2d 30
THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JUDITH SCHELLE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 13, 1974.
Decided February 26, 1974.
*598 Before Judges KOLOVSKY, FRITZ and CRANE.
Mr. Joseph C. Woodcock, Jr., Bergen County Prosecutor, attorney for appellant (Mr. Alfred L. Genton, Acting Bergen County Prosecutor, and Mr. Craig Katz, Assistant Prosecutor, on the brief).
Messrs. Picinich and Rigolosi, attorneys for respondent (Mr. Michael J. Powers, on the brief).
PER CURIAM.
The State appeals, upon leave granted, from orders suppressing evidence found on May 8 and May 24, 1973, when, under authority of search warrants issued on those respective dates, police searched defendant's apartment and found narcotics and narcotic paraphernalia therein.
The incidents here involved began with a report received by police of an armed robbery which had taken place on May 6, 1973 at the premises of Tak Merchandise Company on Route 46 in South Hackensack. The police concluded from the investigation made by them and from a photographic identification made by the victim of the robbery that one of the two culprits, the one who had pointed a gun at the victim, was Paul J. Cosgrove. Upon the filing of a complaint, a warrant issued for Cosgrove's arrest.
An investigation to ascertain Cosgrove's whereabouts was undertaken. On May 7, 1973 the local police learned from the State Police that a surveillance they had conducted of the residence of Judith Schelle at 292C Grove Street, Lodi, disclosed that Cosgrove had "frequented this place of residence." *599 In addition, the police received information from a confidential informant that Cosgrove could probably be found at that address and that he was armed.
On May 8 a lieutenant of the South Hackensack Police Department, accompanied by two State Police detectives and Lodi police officers, proceeded to the Schelle residence. A knock on the door brought no response, but the lieutenant, looking through the glass windows in the front door, saw the shadows of two persons inside at the top of the stairs. Continued knocking finally brought Mrs. Schelle to the door.
The South Hackensack police lieutenant told her that he was a police officer, that he had a warrant for the arrest of Cosgrove and asked to be admitted. Whether defendant Schelle permitted the officers to enter or whether the police entered without more is disputed in the proofs.
As the police entered the living room of the apartment they heard noises emanating from a closet and found Cosgrove hiding therein. Cosgrove was arrested. A search of the immediate area failed to disclose the weapon which Cosgrove reputedly was carrying.
After Mrs. Schelle was arrested for harboring a fugitive, one of the Lodi detectives was directed to, and did, apply for a search warrant authorizing a search of the Schelle apartment for the revolver which was believed to be there. The warrant was issued by the judge of the Lodi Municipal Court on the basis of an affidavit by the detective detailing the events which had occurred earlier that day.
No revolver was found when the entire apartment was searched pursuant to the search warrant. However, narcotics were found and Mrs. Schelle was arrested for possession thereof.
The trial judge's determination that the narcotics evidence so seized should be suppressed was bottomed on his apparent conclusion that, absent a search warrant, the police had no right to enter the Schelle apartment in the first instance. That conclusion is erroneous.
*600 The proofs fully establish that the police had reasonable cause to believe that Cosgrove, for whom they held an arrest warrant, was in the Schelle apartment. That being so, they had the right to enter the apartment to effectuate the arrest after demanding admittance and explaining their purpose. (Since here the police complied with those antecedent conditions, we need not determine whether, under the circumstances, noncompliance therewith would have been excused. See State v. Fair, 45 N.J. 77, 86 (1965)). It was not necessary that they also obtain a search warrant. 5 Am. Jur.2d, Arrest, § 90 at 776; State v. Fair, supra.
The New Jersey law (see State v. Fair, at 86) is in accord with the rule stated in 5 Am. Jur.2d, Arrest, § 90 at 776:
In most jurisdictions the rule is that whenever an officer has reasonable cause to believe the person named in a warrant [for arrest] in his possession, * * * is in the dwelling house of a stranger, he has a right, after demand for admittance and notice of his purpose, to break open the doors in order to search the house and arrest the offender.
The search which the police made as an incident to Cosgrove's arrest was within a permissible area, Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), and, in any event, no evidence was found and seized as a result of that search.
The evidence which the court suppressed was found in the course of the search of the apartment made later under the authority of the search warrant of May 8, 1973. That warrant issued on the basis of an affidavit which, we conclude, fully established the existence of probable cause for a belief that the revolver which Cosgrove used in the robbery was in the apartment. The trial court's contrary conclusion was in error. State v. Kasabucki, 52 N.J. 110 (1968).
Nor was the trial court warranted in concluding that the affidavit on the basis of which the May 24, 1973 search warrant issued was insufficient to establish probable cause. *601 That affidavit, made by a detective of the Ho-Ho-Kus police department, set forth that an armed robbery had taken place at a tavern on April 13, 1973; that on May 11, 1973 two victims of the robbery had identified Cosgrove and one Anthony Campanile as the robbers and had stated that Campanile had "the gun." The affidavit continued with a recitation of the facts which led the police to believe that Campanile and a "hand gun, Luger type" would be found in the Schelle apartment. Included therein was information received from Cosgrove, who was then in the Bergen County jail, that "Campanile was hiding in his house at 39 Van Riper Ave., Elmwood Park or at his girl friend's home 282 Grove St., Lodi," and information received from the State Police that Campanile "is known to hide at 292 Grove Street, Lodi." Also set forth was a description of the arrests made in the Schelle apartment on May 8, 1973.
We are satisfied that the affidavit was sufficient to establish probable cause for the issuance of the search warrant. State v. Kasabucki, supra; State v. Gillman. 113 N.J. Super. 302, 305 (App. Div. 1971).
The order granting defendant's motions to suppress evidence is reversed.