STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
SELMON WALTER BROWN, DEFENDANT-APPELLANT.

Argued October 13, 1976—Decided December 15, 1976.

*Mr. Maurice J. Molyneaux* argued the cause for defendant-appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. Molyneaux,* Designated Counsel and on the brief).

*Mr. Damon R. Sedita,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney; *Mr. Sedita* of counsel and on the brief).

The opinion of the court was delivered by

SULLIVAN, J. This appeal, on certification granted by this Court, (69 *N. J.* 381 (1975)), involves the alleged breach by the State of a provision in a plea agreement that in return for defendant's plea of *non vult* to a charge of murder, the State would make "no recommendation" as to sentence other than that such sentence run concurrently with

a term then being served by defendant.[1] The State also had agreed to dismiss four other charges against defendant in exchange for his plea.

At the time of sentencing, pleas for leniency were made on behalf of defendant. When the assistant prosecutor addressed the court on the matter of sentence, instead of saying that the State would make "no recommendation," he stated that in his opinion the crime committed was first degree murder and that a sentence of life imprisonment should be imposed. Counsel for defendant immediately objected and sought to withdraw the plea of *non vult* on the ground that the State, by its comments, had breached the plea agreement. However, the trial court denied the motion, indicated that the assistant prosecutor had acted within the terms of the agreement, and then proceeded to impose a sentence of imprisonment for life.

On appeal, the Appellate Division, in an unreported opinion, concluded that the recommendation made by the assistant prosecutor that the court impose a sentence of life imprisonment was a plain violation of the plea agreement. However, it rejected defendant's contention that this voided the agreement and entitled defendant to withdraw his plea of *non vult*. Instead, citing *Santobello v. New York,* 404 *U. S.* 257, 92 *S. Ct.* 495, 30 *L. Ed.* 2d 427 (1971), it ordered that the sentence imposed on defendant be set aside and that defendant be resentenced on his plea by a judge other than the one who had originally imposed sentence.

Defendant's petition for certification is concerned with the consequences which should flow from the State's alleged breach of the plea agreement.

The State stoutly argues that it adhered fully to its part of the agreement and contends that when it agreed to

---

[1]The terms of the written recommendation as to sentence signed by the prosecutor are as follows:

"Sentence to be Recommended. No recommendation other than that the sentence run concurrent to the term now serving."

make "no recommendation" with regard to sentence, it meant that it would make no recommendation for less than a life sentence. It maintains further that this understanding was clearly set forth when the plea agreement was presented to the court for approval. This contention is based on the following colloquy at that time between the assistant prosecutor (Mr. Mautone), defense counsel (Mr. Lorber), and the court:

MR. MAUTONE: It is my representation to the Court that I made no sentence recommendation with respect to offering the defendant in this case less than a non vult plea.

It is my representation to the Court that in my opinion, this is a first degree murder case, and should be sentenced as such.

THE COURT: I understand.

MR. LORBER: That's not my understanding. My understanding is that the Prosecutor will make no recommendation as to sentence whatsoever, and that according to the Statute, 2A:113-3, the sentence is to be totally within the discretion of the Court, whether it's to be first degree or second degree.

Mr. Mautone's opinion and Mr. Mautone's recommendation are two different things.

If he's just expressing his opinion, that's one thing, but if it's a recommendation, that's something else.

MR. MAUTONE: My position is this, Judge, with respect to the entry of this plea, there is no way that I can compel the Court to give his defendant a life sentence, and I don't mean to make that implication.

However, for purposes of the entry of this plea, I am making no bargain with the defendant with respect to a lesser plea.

THE COURT: A lesser sentence.

MR. MAUTONE: A lesser sentence, excuse me. And again, I reiterate my position to the Court.

MR. LORBER: I think we understand each other, Your Honor.

It appears from the foregoing that some basis exists for the State's contention that by "no recommendation" it meant no recommendation for less than a life sentence. However, we must assume that defendant's plea of *non vult* was based on his understanding, stated at the time the plea was tendered, "that the prosecutor will make no recommendation as to sentence whatsoever." Although, at the end of the above colloquy, defense counsel did say "I think we understand

each other," it seems clear that there was no real meeting of the minds.

The disposition of criminal charges by agreement between the prosecutor and the accused (with court approval) is an essential component of the administration of justice. *Santobello v. New York, supra,* 404 *U. S.* at 260, 92 *S. Ct.* at 497, 30 *L. Ed.* 2d at 432. In New Jersey, plea agreements are accepted as a legitimate adjunct of the administration of the criminal laws. *State v. Taylor,* 49 *N. J.* 440, 455 (1967). See *R.* 3:9–3. However, it is essential that the terms of the agreement be clear and unequivocal and fully understood by defendant.

In the instant case we conclude that, at best, there was such confusion as to the meaning of a vital term of the alleged plea agreement, that in reality there was no agreement and the essential underpinning for defendant's plea was lacking. *Cf. State v. Nichols,* 71 *N. J.* 358 (1976). Accordingly, we reverse the judgment of the Appellate Division and remand the matter to the trial court with instructions to allow defendant to withdraw his plea of *non vult* to the charge of murder, to reinstate the four other counts which were dismissed and to have defendant plead anew as to all counts.

The following comment is appropriate. Henceforth, the provision "no recommendation" as to sentence in a plea agreement will be taken to mean exactly what it says. If the State intends that the term be "no recommendation for less than the maximum sentence," this should be set forth explicitly in the recommendation as to sentence submitted to the court so that there can be no misunderstanding about what is meant.

*For reversal and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.