155 N.J. Super. 34 (1977)
382 A.2d 94
KENNETH G. LUNDY, PLAINTIFF,
v.
PAUL COLLITTI, WILLIAM MICKLEY TRADING AS MORRISTOWN AUTO REPAIR COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 23, 1977.
*36 Mr. Martin Newmark for plaintiff Kenneth G. Lundy (Messrs. Broderick Newmark and Grather, attorneys).
Mr. Philip R. Glucksman for defendant Paul Collitti (Messrs. Glucksman and Weitzman, attorneys).
Mr. Francis J. Beyrent for defendant William Mickley trading as Morristown Auto Repair Company (Messrs. Schenck, Price, Smith and King, attorneys).
GASCOYNE, J.C.C., Temporarily Assigned.
This matter comes on before the court on a motion to issue a writ of attachment. Plaintiff by affidavit alleges that on July 7, 1977 he was lawfully on the premises of defendant Morristown Auto Repair Company, Collitti's employer, when without provocation Collitti shot him four times. A complaint was filed and Collitti (defendant) was served on October 5, 1977. An answer was filed and thereafter this motion was brought.
In an affidavit, which this court feels is deficient since it does not comply with R. 1:6-6, defendant denies that this attack was unprovoked, alleging that it was in self-defense, and further seeks to protect himself from giving any factual statement pursuant to the Fifth Amendment of the United States Constitution. He further states that he is presently under criminal indictment for the offense on which this civil action is predicated and that he has been released on bail.
The asset against which the attachment is sought consists of a potential settlement of a claim by defendant in an unrelated motor vehicle accident. At this juncture there is no information as to the status of this claim, i.e., whether suit has been instituted, whether an offer has been made by either *37 one or both of the insurance carriers involved, how much the offer is if one has been made, whether the offer has been accepted or rejected, or what part of any offer represents settlement of defendant's wife's per quod claim. The issue as framed is whether a writ of attachment should issue against a potential settlement of an automobile accident claim under the circumstances herein.
Plaintiff contends that pursuant to R. 4:60-5 and N.J.S.A. 2A:26-2(a) he is entitled to have the writ issued. R. 4:60-5 provides in part:
(a) The motion shall be granted only upon the court's finding, * * * that * * * (1) there is a probability that final judgment will be rendered in favor of the plaintiff; (2) there are statutory grounds for issuance of the writ; and (3) there is real or personal property of the defendant at a specific location within this State which is subject to attachment.
The first requirement under the rule will be bypassed since for the purposes of this motion the court will accept that this requisite has been met.
N.J.S.A. 2A:26-2(a) provides for the issuance of a writ of attachment "[w]here the facts would entitle plaintiff to an order of arrest before judgment in a civil action * * *." In order to determine the applicability of the foregoing statute it is appropriate to examine N.J.S.A. 2A:15-41, which deals with the issuance of a capias ad respondendum. N.J.S.A. 2A:15-41 provides in part:
A capias ad respondendum shall issue in an action founded upon a tort only when the action is founded upon (a) an outrageous battery or a mayhem, * * *. In such a case the court shall hold the defendant to bail, in an amount which it thinks proper under the circumstances.
The foregoing set the parameters within which this court must make a determination of the propriety of the issuance of the writ of attachment in this case.
At the outset it should be pointed out that no cases could be found that are dispositive of the question as to *38 whether a writ of attachment should issue under these circumstances. In reaching a decision certain fundamental propositions are applicable. The writ of attachment is an extraordinary remedy. Russell v. Fred G. Pohl Co., 7 N.J. 32 (1951); Grover v. Woodward, 91 N.J. Eq. 250 (Ch. 1920). There are two classes of cases which permit the issuance of a writ of attachment  first, to compel a nonresident or absconding debtor to appear and respond to the suit; second, those cases where defendant may be held to bail. Grover v. Woodward, supra. It is with the second class that we are dealing. It is clear from the moving papers that the purpose of this motion is to protect a prospective fund from being dissipated in the event the plaintiff is successful.
Unquestionably the tort involved herein falls within the contemplation of N.J.S.A. 2A:15-41(a). But the statute goes on to provide that then "the court shall hold the defendant to bail, in an amount which it thinks proper under the circumstances." In this case defendant has already been held for bail on the criminal charge. Thus, the usual purpose for issuance of a writ of attachment, to assure the presence of the defendant in court, has been served as long as the criminal case is pending.
Plaintiff argues that a writ of attachment is not that limited. With this proposition there is no disagreement. But those reported cases which permitted a writ of attachment to protect a fund involved contract actions where the defendant was charged with fraud or absconding and the damages were liquidated. Prozel & Steigman, Inc. v. International Fruit Dist., 171 F. Supp. 196 (D.N.J. 1959)[1]; Tanner Assoc. Inc. v. Ciraldo, 33 N.J. 51 (1960); Lance Indus. v. Eastern Specialties Co., 107 N.J. Super. 296 (Ch. Div. 1969)[1]; Allied Financial Corp. v. Steel Panel Sales Corp., 86 N.J. Super. 65 (App. Div. 1964)[1]; Seiden v. Fishtein, 44 N.J. Super. 370 (App. Div. 1957); Friedman v. Mandelbaum, 25 N.J. Misc. 157, 51 A.2d 260 (Cir. Ct. 1947)[1]; Augustus v. Manzella, 19 N.J. Misc. 29, 17 A.2d. 68 (Cir. Ct. 1940)[1]; Johnson v. Wood, 15 N.J. Misc. 150, 189 A. *39 613 (Cir. Ct. 1936)[1]. The permissible attachment of goods and personalty in a contract case is far more understandable than in a tort case since often it is goods or personalty that is in dispute.
The court does not conceive that the legislative intent or the intent of the court rule was to authorize the issuance of a writ of attachment under the facts herein. Because of the very nature of the writ of attachment it is felt that the rule and statutes applicable thereto should be strictly construed. If the criminal case is disposed of and bail is exonerated, then it might be appropriate to issue a writ. The court could then set bail without regard to the settlement and the problems concomitant thereto. To hold otherwise would open the door to attachment in all assault and battery cases just for the purpose of creating a fund for collection in the event of a judgment, which is not the purpose of a writ of attachment in a tort claim.
For the reasons set forth above the motion will be denied.
NOTES
[1] In these cases the writ of attachment issued but was quashed on motion.