210 N.J. Super. 379 (1986)
510 A.2d 47
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GERARD CARTIER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 23, 1986.
Decided May 8, 1986.
*380 Before Judges GAYNOR and BAIME.
Stuart I. Blumstein argued the cause for appellant (Thomas S. Smith, Jr., Acting Public Defender, attorney; Stuart I. Blumstein, designated counsel and on the brief).
Jeanne M. Andersen, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General of New Jersey, attorney; Jeanne M. Andersen, of counsel and on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
*381 Defendant was charged in a multi-count indictment with third degree burglary (N.J.S.A. 2C:18-2), third degree theft (N.J.S.A. 2C:20-3a) and third degree receipt of stolen property (N.J.S.A. 2C:20-7a). Pursuant to an agreement with the State, defendant entered a retraxit plea of guilty to third degree theft. Prior to sentencing, defendant moved to withdraw his guilty plea. The trial judge denied defendant's motion and sentenced him as a persistent offender (N.J.S.A. 2C:44-3a) to an extended term of ten years, one-half of which was to be served without parole eligibility. The remaining counts were dismissed pursuant to the prosecutor's motion.
Although phrased in a variety of ways, defendant's principal argument on appeal is that he was never specifically apprised of the maximum custodial exposure permissible under the extended term provisions of the Code of Criminal Justice. See N.J.S.A. 2C:43-7a(4). At the time of the plea, the prosecutor expressly "reserved the right" to move for an extended term under R. 3:21-4(d). Nevertheless, both the prosecutor and the trial judge stated that defendant was subject to a maximum sentence of five years and that he could be denied parole eligibility for one-half of that term. Defendant, thus, contends that the sentence ultimately imposed by the trial judge exceeded his reasonable expectations under the plea agreement.
We agree and are constrained to reverse. Although the question presented is of first impression, we have no difficulty in holding that an extended term cannot be imposed unless the defendant is specifically apprised at the time of the plea of the potential number of years to which he is exposed. Where the prosecutor reserves the right to move for an extended term, it is incumbent upon the trial judge at the time of the plea to make certain that the defendant is made aware of the possible sentencing consequences under N.J.S.A. 2C:43-7. Further, the responsibility for assuring a defendant's awareness of the increased custodial exposure under the extended term provisions *382 should not be cast exclusively on the shoulders of defense counsel. State v. Kovack, 91 N.J. 476, 484 (1982). R. 3:9-2 requires that the judge determine whether a defendant fully understands "the nature of the charge and the consequences of the plea." Although defense counsel has an obvious duty to fully explain the terms of the plea agreement to his client, we hold that the trial judge should satisfy himself, through specific question and answer, that the defendant understands the increased number of years to which he is exposed under the extended term provisions.
The rule announced here is clearly compelled by our decisional law. We begin with the premise that plea bargaining is now "firmly institutionalized in this State as a legitimate, respectable and pragmatic tool in the efficient and fair administration of criminal justice." State v. Taylor, 80 N.J. 353, 360-361 (1979). See also State v. Marzolf, 79 N.J. 167, 182 (1979); State v. Thomas, 61 N.J. 314, 321-323 (1972). "The system enables a defendant to reduce his penal exposure and avoid the stress of trial while assuring the State that the wrongdoer will be punished and that scarce and vital judicial and prosecutorial resources will be conserved through a speedy resolution of the controversy." State v. Taylor, supra, 80 N.J. at 361. To be successful, it is essential that the terms of the agreement be clear and unequivocal and fully understood by the defendant. State v. Brown, 71 N.J. 578, 582 (1976); State v. Nichols, 71 N.J. 358, 361 (1976). Toward that end, our court rules are designed to assure that a guilty plea will not be accepted unless it is made voluntarily and intelligently with an understanding of the nature of the charge and the consequences of the plea. R. 3:9-2.
Although neither R. 3:9-2 nor R. 3:21-4 makes specific provision for apprising the defendant at the time of the plea of the possibility of enhanced sentence exposure by reason of the extended term provision, we are of the view that common notions of fairness mandate that course. Accordingly, we hold *383 that a defendant cannot be sentenced to an extended term unless he has been apprised of the increased sentences permissible under N.J.S.A. 2C:43-7.
We are convinced from our thorough review of the record that defendant was misinformed with regard to the maximum potential sentence to which he was exposed under the plea agreement. Since the "accused's reasonable expectations [were] defeated, the plea [agreement] has failed one of its essential purposes, fairness, and ... defendant should be permitted to withdraw...." State v. Marzolf, supra, 79 N.J. at 183. See also State v. Nuss, 131 N.J. Super. 502, 504 (App.Div. 1974).
Accordingly, we remand this matter to permit defendant to withdraw from the plea agreement. Of course, if he does, then the State is released from the terms of the agreement and can reinstate the dismissed counts. See State v. Kovack, supra, 91 N.J. at 485; State v. Nichols, supra, 71 N.J. at 361.