THOMAS & BARBARA KOHRHERR, HIS WIFE, TERI LEE KOH-
RHERR, SCOTT PRESTON KOHRHERR AND TRACEY LYNNE
KOHRHERR, PLAINTIFFS-RESPONDENTS, v. CATHERINE
FERREIRA AND SHARON MARSHALL, DEFENDANTS-AP-
PELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 27, 1987—Decided February 13, 1987.

124

Before Judges MICHELS and LANDAU.

*Thomas A. DeClemente* argued the cause for appellants (*Thomas A. DeClemente,* on the brief).

*Robert C. Auriemma* argued the cause for respondents (*Robert C. Auriemma,* on the brief).

The opinion of the court was delivered by

LANDAU, J.S.C. (temporarily assigned).

On leave granted, defendants Katherine Ferreira and Sharon Marshall appeal from an interlocutory order of the Law Division entered August 11, 1986 barring "all references to municipal court proceedings and/or municipal convictions or contempt proceedings" and "any evidence of proceedings before or findings of the North Bergen Rent Leveling Board" from use during the trial of a landlord/tenant dispute transferred to the Law Division and consolidated for trial.

Defendants are each tenants in possession of apartments in a two-family home in North Bergen owned by plaintiffs-respondents Kohrherr. In August and September, 1985 the North

Bergen Board of Health conducted three inspections of the basement of the leased premises, based upon defendants' complaints. At each inspection, evidence of rat infestation was found and plaintiffs were served with three notices of abatement.

Subsequent to these complaints, plaintiffs raised defendants' rent. Defendants then complained of the rent increases to the North Bergen Rent Leveling Board on September 20, 1985. By resolution dated October 21, 1985, the Rent Leveling Board found that plaintiffs had violated the North Bergen Rent Leveling ordinance and ordered a rent rollback. The Board further ordered plaintiffs to permit defendants use of one parking space. The decision of the Rent Leveling Board was affirmed by the Mayor and Commission. Plaintiffs' action in lieu of prerogative writ is pending.

On November 11, 1985, plaintiffs served upon defendants a notice to quit by January 15, 1986. On December 10, 1985, as a result of criminal complaints filed by defendants, plaintiff Thomas Kohrherr (Thomas) was tried in North Bergen Municipal Court on charges of violation of Section 15 of the North Bergen rent leveling ordinance and harassment (*N.J.S.A.* 2C:33–2a(1), (2)). The court reserved decision. However, by interim order dated December 17, 1985, Thomas was instructed to cease harassing defendants, particularly with regard to use of the parking space, to unscrew a rear door which he had screwed shut, and to replace rear steps which he had removed. The order expressly provided that violation thereof "shall constitute a contempt of court." During the December 10 municipal court proceedings, Thomas admitted screwing the door shut, removing the steps and chaining a fence on October 22, 1985 (the day after the resolution of the Rent Leveling Board) but denied that his purpose was to harass defendants.

On January 24, 1986, the Kohrherrs filed the present action in Superior Court, Special Civil Part-Tenancy Division, Hudson County, seeking to dispossess defendants for nonpayment of

rent and also complaining of unsightly and unsanitary occupancy. Soon after, on January 30, 1986, a judgment of conviction was entered on the previously reserved decision in North Bergen Municipal Court finding Thomas guilty of 1) willful violation of section 15 of the North Bergen Rent Leveling ordinance because of his failure to abide by the order of the Rent Leveling Board to allow defendants use of one parking space, and 2) harassment under *N.J.S.A.* 2C:33–2a(1) for impeding defendants' use of a parking space and under *N.J.S.A.* 2C:33–2a(2) for removing the back steps, screwing the back door shut and locking the gate of the leased premises.

On appeal to the Law Division, Thomas' municipal court conviction was upheld and the sentence modified. The conviction has not been further appealed.

On February 7, 1986, defendants counterclaimed in the present suit, seeking dismissal and damages on the ground of retaliatory eviction, as well as damages for intentional acts of harassment. They requested a jury trial. The consolidated tenancy matter and counterclaim were transferred from the Special Civil Part-Tenancy Division to the Law Division. Thereafter, at a contempt hearing on February 19, 1986, before a different municipal judge, Thomas admitted one of the charges of contempt (impeding defendants' use of a parking space) in violation of the municipal court's December 17, 1985 order, apologized, and after stern admonition, was purged of contempt. By order dated July 25, 1986, the municipal court granted Thomas' untimely subsequent application to bar use at civil proceedings of all admissions made by him at the contempt proceedings.

On July 7, 1986, plaintiffs moved in this matter to bar defendants' use at trial of "all references" to municipal court proceedings "and/or municipal court convictions or contempt proceedings" as well as "any evidence" of proceedings in the Rent Leveling Board or its findings. The motion was heard

and granted on July 28, 1986,[1] resulting in entry of the order under appeal.

On appeal, defendants raise the following issues:

POINT I

PLAINTIFFS SHOULD BE COLLATERALLY ESTOPPED FROM DENYING THE FACTS FOUND BY THE MUNICIPAL COURT OF THE TOWNSHIP OF NORTH BERGEN IN THE LETTER OPINION OF JANUARY 30, 1986.

POINT II

MR. KOHRHERR'S GUILTY PLEA TO THE CONTEMPT CHARGE IS ADMISSIBLE PURSUANT TO RULES OF EVIDENCE 63(7) and 63(10).

POINT III

THE DECISION OF THE RENT LEVELING BOARD OF THE TOWNSHIP OF NORTH BERGEN OF OCTOBER 21, 1985 IS ADMISSIBLE PURSUANT TO RULE OF EVIDENCE 63(17).

As their first contention of error defendants argue that notwithstanding *Evid.R.* 63(20), plaintiff is collaterally estopped from denying the facts underlying his municipal court conviction for the *nonindictable* offense of harassment. See *N.J. S.A.* 2C:33–2a; *N.J.S.A.* 2C:1–4b.

*Evid.R.* 63(20) provides that:

In a civil proceeding, except as otherwise provided by court order on acceptance of a plea, evidence is *admissible* of a final judgment against a party adjudging him guilty of an *indictable* offense ... as against that party to prove any fact essential to sustain the judgment. (Emphasis supplied)

Thus, by its terms *Evid.R.* 63(20) permits use of a judgment of conviction of an indictable offense only as tending to prove facts at issue in civil proceedings. A judgment of conviction for a nonindictable offense may not be used for that purpose. *Burd v. Vercruyssen,* 142 *N.J.Super.* 344, 353 (App. Div.1976), certif. den. 72 *N.J.* 459 (1976).

Defendants rely upon *Matter of Tanelli,* 194 *N.J.Super.* 492 (App.Div.1984) certif. den. 99 *N.J.* 181 (1984), to show that plaintiffs are collaterally estopped by the findings of the municipal court. *Tanelli* is distinguishable, however, because the use

---

[1] As discussed *infra,* the trial judge made clear when deciding the matter that he intended only to bar use of the findings, convictions and plea.

of collateral estoppel was there held to preclude appellant in an administrative proceeding from relitigating the facts underlying his conviction for a nonindictable offense. Hearsay evidence may be admissible in proceedings before an administrative agency (*N.J.A.C.* 1:1–15.8a).

In *Burd v. Sussex Mutual,* 56 *N.J.* 383, 396–397 (1970), where there was a conviction of an indictable offense, the Supreme Court made clear that admissibility of a conviction under *Evid.R.* 63(20) did not automatically make the judgment conclusive upon the thesis of collateral estoppel, but required examination of the particular factual context before determining whether collateral estoppel was appropriate. Inasmuch as the drafters of *Evid.R.* 63(20) were unwilling even to confer *admissibility* upon convictions of nonindictable crimes, the *Burd v. Sussex* analysis suggests that occasion for the use of such convictions, if at all, with the conclusive effect of collateral estoppel should be highly limited indeed.

It is not disputed that if Thomas' municipal court conviction is given the effect of collateral estoppel, it would be substantially dispositive of the issues in the intentional tort count of the counterclaim. In *Burd v. Vercruyssen,* we rejected a similar argument that a municipal court conviction for reckless driving was conclusive of defendant's negligence in the subsequent civil suit saying, "Since the municipal conviction is inadmissible to prove the facts underlying the conviction, it follows logically that the nonindictable conviction may not be used as conclusive proof of defendant's negligence or reckless indifference to the consequences of his conduct." 142 *N.J.Super.* at 353. *Compare Burd v. Sussex Mutual,* 56 *N.J.* 383 (1970) and *N.J. Manufacturer's Ins. Co. v. Brower,* 161 *N.J.Super.* 293 (App. Div.1978) (indictable offenses).

Accordingly, we hold that, consistent with the holdings in *Burd v. Sussex* and *Burd v. Vercruyssen,* the doctrine

of collateral estoppel should not here be used to circumvent the limitation of *Evid.R.* 63(20) to indictable offenses.[2] We note, however, that the order under appeal contains language capable of being interpreted more broadly than Judge Ryan's oral opinion at the time of argument. The order under review is hereby modified to the extent that it may be incorrectly read to exclude any statements made by Thomas while under oath at any municipal court proceeding or the Rent Leveling proceedings. See *e.g., Evid.R.* 63(1); 63(7). Except for possible relevance or materiality issues, we see no valid basis for excluding evidence of any statements made by him under oath from admissibility in this matter.

■ Neither is there a proper basis for excluding evidence of Thomas' plea of guilty to contempt in municipal court on February 19, 1986. We agree with defendants that the order of the municipal court barring use thereof in any civil proceeding is contrary to *R.* 7:4–2(b). Under that rule, requests for such an order must be made at the time of the acceptance of the plea. The principal policy underlying the rule is avoidance of unnecessary criminal trials. Thomas' request was made, not at the plea stage, but by subsequent motion. No sound policy reason has been articulated to bar use of such damaging but evidential statement by a guilty party. See *Evid.R.* 63(7); 63(8); 63(10). Indeed, the better policy view in our judgment would preclude a guilty party who does not so qualify his plea from having the opportunity to tell a different tale to the jury without being confronted with his prior statements.

■ As to the claim of retaliatory eviction, defendants argue that the findings of the Rent Leveling Board set forth in their resolution dated October 22, 1985 were improperly excluded by

---

[2]To the extent that *Matter of Tanelli, supra,* may be deemed to be contrary to this holding, we respectfully disagree with it.

the order below. We agree with the trial court that the findings of the Rent Leveling Board are irrelevant to a complaint of retaliatory eviction under *N.J.S.A.* 2A:42–10.10 because it is the tenants' *complaint* to governmental authority which triggers that statute. Further, it is the landlord's wrongful institution of proceedings to recover possession which is the subject of that statute, not harassment. We note that defendant is given the benefit of a rebuttable presumption of reprisal under *N.J.S.A.* 2A:42–10.12. We emphasize that the order should not be read to exclude evidence of the fact that defendant filed a complaint with the Rent Leveling Board.

■ Moreover, the finding of an ordinance violation in the Board's resolution (presently under separate *in lieu* appeal) is not admissible to establish conclusively its truth for the intentional tort (harassment) count. However, the fact that a resolution was passed the day before Thomas removed the rear steps and screwed shut the back door may be introduced in support of the assertions of improper motivation for such acts.

To recapitulate: Thomas' municipal court conviction for the nonindictable offense of harassment is inadmissible under *Evid.R.* 63(20) but statements made by Thomas at any municipal court or Rent Leveling Board proceeding are admissible. Because the order barring use of defendant's guilty plea to the charge of contempt was entered contrary to *R.* 7:4–2(b), the plea may be introduced in evidence. The fact that defendants filed a complaint with the Rent Leveling Board but not its ruling thereon, may be used in establishing the statutory reprisal count. Finally, the *fact* that a resolution was passed by the Board on October 22, 1985, is admissible on the intentional tort count, not for the truth of the proposition, but as tending to support the harassment allegations by showing motive. The order below is deemed modified to the extent necessary to be consistent herewith, and is otherwise affirmed.