220 N.J. Super. 522 (1987)
532 A.2d 1133
JOHN DOE, BY HIS GUARDIAN AD LITEM, AND JANE DOE, INDIVIDUALLY, PLAINTIFFS,
v.
PHILLIP J. UHLER, BIG BROTHERS/BIG SISTERS OF AMERICA AND BIG BROTHERS AND BIG SISTERS OF SOMERSET COUNTY, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
Decided June 26, 1987.
*523 Francis X. Hermes for plaintiffs Doe (Thiele & Hermes, attorneys).
*524 Thomas Schiavo for defendant Uhler (Courter, Kobert, Laufer, Purcell & Pease, attorneys).
ARNOLD, P.J.Cv.
In this action for battery, plaintiff seeks a writ of attachment against defendant's real property. Although a plain reading of R. 4:60-5(a) and the relevant statutes warrant the issuance of the writ, defendant, relying on the sole decision on point, Lundy v. Collitti, 155 N.J. Super. 34 (Law Div. 1977), argues that the writ may not issue because he posted bail pending sentencing on his guilty pleas to an indictment relating to the same battery. Defendant also argues that a writ of attachment may not issue in a tort action for unliquidated damages.
The complaint in this matter alleges that defendant, Phillip J. Uhler, sexually abused a fictitiously named male of the age of more than 13, and less than 16, years. On June 1, 1987, the defendant pled guilty to four counts of an indictment relating to this sexual abuse. Specifically, he pled guilty to committing aggravated sexual assault upon the child by committing an act of sexual penetration, fellatio, upon the child when the child was at least 13, but less than 16, years old at a time when defendant had supervisory power over the child. In addition, defendant pled guilty to attempted aggravated sexual assault (second degree); second degree sexual assault and endangering the welfare of the child. Defendant is currently awaiting sentencing and a $100,000 bail bond has been provided to secure his appearance.
Pursuant to R. 4:60-5(a), a writ of attachment shall issue only upon the court's finding that (1) there is a probability that final judgment will be entered in favor of plaintiff; (2) there are statutory grounds for issuance of the writ; and (3) there is real or personal property of defendant at a specific location within New Jersey which is subject to attachment.
When defendant entered his pleas of guilty to four counts of the indictment, no application was made to the court for an *525 order that such pleas not be evidential in any civil proceeding. R. 3:9-2. Accordingly, evidence of a final judgment against defendant adjudging him guilty of these offenses is admissible in this civil action. Evid.R. 63(20). Because such evidence is admissible, this court concludes that there is a high probability that judgment will be rendered in favor of plaintiff. Accordingly, the first requirement of R. 4:60-5(a) has been met.
Because defendant concedes that there is real property of defendant at a specific location within New Jersey which is subject to attachment, the only requirement of R. 4:60-5(a) which is in issue is the second requirement that there be "statutory grounds for the issuance of the writ."
The statutory grounds for the issuance of the writ of attachment are set forth in N.J.S.A. 2A:26-2. Plaintiff relies upon that portion of the statute contained in subsection (a) which provides that a writ of attachment may issue "[w]here the facts would entitle plaintiff to an order of arrest before judgment in a civil action...." Order of arrest in a civil action is in turn governed by N.J.S.A. 2A:15-41 and -42. The former deals with arrest in tort cases and the latter deals with arrest in a contract action. Because plaintiff's action is founded upon tort, N.J.S.A. 2A:15-41 is the relevant statute to determine whether an order for arrest in a civil action would issue. That statute provides that an order for arrest, capias ad respondendum, shall issue in an action founded upon a tort only when the action is founded upon (a) an outrageous battery or a mayhem, (b) a claim of damages for the misconduct or neglect of a public officer or (c) a wilfull or malicious act and defendant is a nonresident or is about to remove from the State. In this case, plaintiff asserts that an outrageous battery was committed upon the child, and defendant does not seriously challenge that assertion. This court concludes that the sexual abuse of the child which formed the basis for defendant's guilty pleas to four counts of the indictment is an "outrageous battery."
*526 Thus, a plain reading of R. 4:60-5, N.J.S.A. 2A:26-2 and N.J.S.A. 2A:15-41 clearly indicates that the plaintiff is entitled to have the writ of attachment issue against the real property of defendant.
Nevertheless, defendant contends, based on the decision in Lundy, that the warrant should not issue because the statute, N.J.S.A. 2A:15-41, also provides that "the court shall hold the defendant to bail, in an amount which it thinks proper under the circumstances." Defendant argues that having posted bail to secure his appearance for sentencing on the criminal charges that the purpose for issuance of a writ of attachment has been satisfied. However, the recognizance filed in connection with bail posted pending sentencing only secures defendant's presence at all stages of the criminal proceedings, while a writ of attachment is a lawful method for providing a lien as security for any judgment eventually obtained against the owner of the attached property. 20 N.J. Practice (Fulop, Attachment and Sequestration) (2 ed. 1973), § 1781; see also AC-Berwick Transporters Inc. v. Sendell, 176 N.J. Super. 339 (Law Div. 1980). Even a bail or release bond posted to secure the release of a defendant under a capias ad respondendum would not constitute a lien as security for any judgment. It only assures defendant's physical presence when ordered by the court. If judgment is obtained against a defendant who has secured his release the capias ad respondendum turns into a capias ad satisfaciendum. The latter is not a lien as security for a judgment but is a body execution enabling a judgment creditor to cause the arrest of the judgment debtor and his retention in custody until he either pays the judgment or secures his discharge as an insolvent debtor. Perlmutter v. DeRowe, 58 N.J. 5, 13 (1971). Thus, the fact that bail has been posted pending sentencing is irrelevant. A writ of attachment has a broader purpose than securing defendant's presence.
Relying on the decision in Lundy, defendant urges two other independent reasons for denial of the writ. First, defendant *527 argues that the writ of attachment should never issue in a tort action. Second, he urges that a writ of attachment may not issue except where damages are liquidated. However, our present attachment statute, N.J.S.A. 2A:26-2, is derived from and is substantially identical to R.S. 2:42-86 et seq. (L. 1948, c. 358). In Mueller v. Seaboard Commercial Corp., 5 N.J. 28, 36 (1950), the opinion of the Supreme Court stated that R.S. 2:42-86 et seq. and its predecessors, R.S. 2:42-1 et seq. (L. 1901, c. 74) and R.S. 2:42-72 et seq. (L. 1903, c. 247, as amended by L. 1907, c. 114), provided for attachments on both liquidated or unliquidated demands on contract or tort. Therefore, this court concludes that under N.J.S.A. 2A:26-2 a writ of attachment may issue in appropriate tort cases seeking unliquidated damages.
Defendant argues that permitting a writ of attachment to issue in circumstances such as the present would result in such writs issuing in virtually every battery case. This court disagrees. Not every battery is of an "outrageous nature."
Accordingly, the writ of attachment shall issue against the real property of defendant located within the State of New Jersey.
Defendant asserts that the real property to which this writ of attachment applies is owned by defendant and his brother as joint tenants. If that is the case, defendant's brother may make application to the court pursuant to R. 4:60-14 to seek appropriate relief.