576 A.2d 950

THE STATE OF NEW JERSEY, PLAINTIFF, v. FRANK R. LA RUSSO, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

Decided January 18, 1990.

*Charles Smith,* Assistant Prosecutor, for plaintiff.

*James J. Markham, III,* for defendant (*Lake, Markham, Pennachio* ).

MINUSKIN, J.S.C.

This matter is before the Court on defendant's application for an order to preclude evidence of his guilty plea from being admitted in any civil proceeding. The issue presented is whether personal hardship to a defendant as a result of later civil use of his plea constitutes "good cause shown" under *R.*3:9–2 so as to justify the granting of relief.

The charges in this case arose out of an altercation which ensued between defendant, a tractor trailer driver, and the victim, a bicyclist, who prevented defendant from passing him on the road. As a result of plea negotiations, defendant retracted his previously entered not guilty plea and pled guilty to simple assault and terroristic threats.

At the plea hearing the Court permitted the plea of guilty to be entered upon the record. Immediately thereafter, defendant applied for an order pursuant to R.3:9–2 to bar the use of his plea in a subsequent civil proceeding. Defendant contends that good cause exists for the granting of such relief because later civil use of his guilty plea might result in significant civil liability which would cause undue hardship to him and his family.

 It is a well established rule that evidence of a final judgment against a defendant adjudging him guilty of an indictable offense is admissible against that party to prove any fact essential to sustain a judgment in a subsequent civil proceeding. *Evid. R.*63(20). *Kohrherr v. Ferreira,* 215 *N.J. Super.* 123, 128, 521 *A.*2d 377 (App.Div.1987), *Doe v. Uhler,* 220 *N.J.Super.* 522, 525, 532 *A.*2d 1133 (Law Div.1987). By eliminating the need for unnecessary discovery and relitigation of issues, the cost of litigation is reduced and judicial resources are conserved. *State v. Schlanger,* 203 *N.J.Super.* 289, 295, 496 *A.*2d 746 (Law Div.1985). Rule 3:9–2 carves out a narrow exception to this general rule by providing:

... For good cause shown the Court may, in accepting a plea of guilty, order that such plea not be evidential in any civil proceeding.

The purpose of this exception is to avoid an unnecessary criminal trial of a defendant who fears that a civil claimant will later use his plea of guilty as a devastating admission of civil liability. *Stone v. Keyport Bor. Police Dept.,* 191 *N.J.Super.* 554, 558, 468 *A.*2d 442 (App.Div.1983).

 "Good cause shown", in this Court's opinion, relates only to matters of concern in the administration of the criminal process in connection with the taking of the plea. It can only be found where a defendant demonstrates that he would be prevented from entering into an otherwise acceptable plea arrangement. Personal hardship to a defendant in a subsequent civil proceeding does not constitute good cause. *State v. Schlanger,* 203 *N.J.Super.* 289, 294, 496 *A.*2d 746 (Law Div. 1985). Where, as in this case, application for immunity is made after the plea was accepted and entered on the record, no chilling effect can be said to have overcome the ability of an otherwise willing defendant to enter into a plea agreement.

Since defendant's untimely request fails to articulate any sound reason to bar the further use of his damaging, but evidential admission, application is denied. An Order may be submitted accordingly.

NOTE: In light of recent decisions which broadly interpret *R*.3:9–2, it may be advisable that the plea colloquoy in accepting guilty pleas should apprise defendants of potential civil as well as penal liability. See *State v. Howard*, 110 *N.J.* 113, 539 *A.*2d 1203 (1988); *State v. Cullars*, 224 *N.J.Super.* 32, 539 *A.*2d 750 (App.Div.1988) and *State v. Bailey*, 226 *N.J.Super.* 559, 545 *A.*2d 206 (App.Div.1988). In the absence of such instruction, defendant's confession may not have been made "voluntarily and intelligently with an understanding of ... the *consequences* of the plea." *State v. Cartier*, 210 *N.J.Super.* 379, 382, 510 *A.*2d 47 (App.Div.1986); (emphasis added). See also *State v. Kovaks*, 91 *N.J.* 476, 453 *A.*2d 521 (1982).